UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| Katherine M. Cleary, *et al.*, Individually and on behalf of others similarly situated. § § § §<br><br>Plaintiffs, § §<br>vs. § §<br>American Airlines, Inc., § § §<br>Defendant. § § | Civil Action No. 4:21-cv-00184-O |

**JOINT REPORT OF THE PARTIES' SCHEDULING CONFERENCE**

In accordance with the Court's March 10, 2021 Order (ECF No. 17), lead counsel or a designee attorney with appropriate authority for the Parties met and conferred telephonically on March 19, 2021 and prepared the following report.

1. **Brief Statement of Claims and Defenses.**

**Plaintiff's Statement:** This putative class action alleges that AA systematically charged passengers to check bags that AA had promised it would transport without additional charge. Discovery will reveal the contracts where AA made these promises, and AA's ordinary business records memorialize which passengers were charged for which bags. Computer software will allow efficient identification of those who were overcharged, and in what amounts, to support appropriate refunds.

**Defendant's Statement**: This is a putative class action brought by five named plaintiffs alleging that American systematically required certain passengers to pay checked bag fees who otherwise were allegedly entitled to transport bags at no charge, in breach of American's contracts with these passengers. While AA enters into contracts with passengers to provide them with air-

JOINT REPORT OF THE PARTIES' SCHEDULING CONFERENCE                                         1

travel for a price and other benefits, such as transporting eligible passengers' checked bags for no additional cost, AA denies there is a single contract applicable to the claims of the Plaintiffs and members of the proposed class and denies having systematically charged passengers for checked bags in breach of any contract. AA expressly denies the Plaintiff's claims – which vary from passenger to passenger – are amenable to class treatment. For instance, determining the exact checked baggage fees that apply to any particular passenger is dependent on a multitude of factors unique to the passenger's circumstances and travel, including: (1) destination, (2) date of ticket purchase, (3) date of travel, (4) class of travel, (5) elite frequent flyer status, (6) aircraft type, (7) military status, (8) size and/or weight of bag, (9) partner credit card status, among others. AA denies all liability.

2. **Proposed time limit to file motions for leave to join other parties.**

Motions for leave to join other parties by May 17, 2021.

3. **Proposed time limit to file motions to amend the pleadings**

Motions to amend the pleadings by May 17, 2021.

4. **Proposed time limit to file various types of motions, including dispositive motions.**

Motion for Class Certification by September 17, 2021, response by October 15, 2021, reply by November 5, 2021.[1]

Dispositive motions by January 27, 2022, responses by February 24, 2022, replies by March 17, 2022.

5. **Proposed Time Limit For Initial Designation Of Experts.**

Initial expert designations by September 24, 2021.

---

[1] The Parties have agreed to postpone the deadline in Local Rule 23.2 that requires the filing of a motion for class certification within 90 days of filing a class action complaint.

**JOINT REPORT CONFERENCE OF THE PARTIES' CONFERENCE**                                                   2

6. **Proposed time limit for responsive designation of experts.**

Responsive expert designations by October 22, 2021.

7. **Proposed time limit for objections to experts (i.e. Daubert & similar motions)**

Objections to experts (i.e. Daubert & similar motions) by November 3, 2021, responses by November 24, 2021, replies by December 10, 2021.

8. **Proposed plan and schedule for discovery.**

Fact discovery shall close on September 10, 2021.

Expert discovery shall close on December 17, 2021.

The Parties agree that phased Discovery does not seem necessary but AA reserves the right to argue that certain requests would be more appropriately responded to after resolution of class certification. The Parties agree that if Plaintiffs requests information that does not need to be produced prior to a ruling on a motion for class certification, the parties shall meet and confer with respect to the production of that information. Further, to the extent the Plaintiffs request any individual customer records (e.g. home address, date of travel, etc.), AA believes such information would impose an undue burden on AA and would not lead to the production of information relevant to Defendant's claims. AA believes that other than specific information pertaining to the Named Plaintiffs, discovery should be limited to information regarding AA's systems, policies, and procedures related to baggage fees.

Discovery should focus on the following subjects, although the Parties recognize that the discovery subjects may change as discovery progresses. In an effort to promote efficiency and tailor discovery, the parties should meet and confer to discuss as needed to identify the best means to produce data regarding data related to baggage allowances of the putative class members.

- The alleged contract documents related to American's baggage fee policies;
- The alleged contract breaches;

- AA records related to the Named Plaintiffs; and

- Information sufficient to identify the AA systems that store information related to the putative class members.

9. **Changes to be made to limitations on discovery imposed under federal rules or other limitations to be applied.**

At this time, the Parties do not currently foresee a need to make any changes or additions to the limitations to discovery imposed on the Federal Rules of Civil Procedure and the Local Rules.

10. **Proposed means for disclosure of discovery of electronically stored information and a statement of any disputes regarding the disclosure or discovery of ESI.**

The Parties anticipate that they will disclose electronically stored information as part of the case. The Parties currently do not have or anticipate having any issues regarding electronically stored information in this case, but if needed, the parties will negotiate an ESI protocol (which they would separately submit to the Court at a later date).

11. **Any proposals for handling and protection of privileged or trial-preparation material that should be reflected in a Court Order.**

The Parties will confer on the terms of a proposed protective order, which they will separately submit to the Court at a later date.

12. **Proposed Trial Date, estimated number of days required for trial and whether a jury has been demanded.**

Proposed Trial Date: May 27, 2022.

Plaintiffs have demanded a jury trial and the Parties currently estimate ten (10) business days will be required for trial.

13. **A proposed date for further settlement negotiations.**

The parties have discussed the issue of settlement and have not been able to reach an agreement to settle at this time. The Parties agree to revisit potential settlement negotiations by November 8, 2021.

14. **Objections to Fed. R. Civ. P. 26(a)(1) asserted at the Scheduling Conference, and other proposed modifications to the timing form or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made;**

The Parties intend to exchange Rule 26(a)(1) disclosures by May 4, 2021.

15. **Whether the parties will consent to trial before U.S. Magistrate Judge Cureton or U.S. Magistrate Judge Ray.**

The Parties do not consent to trial before a Magistrate Judge.

16. **Whether the parties are considering mediation or arbitration to resolve this litigation and a statement of when it would be most effective and, if mediation is proposed, the name of any mediator the parties jointly recommend to mediate the case.**

The Parties are not considering arbitration and do not believe that mediation would be productive at this time. The Parties intend on continuing to confer on an ongoing basis as to the advisability and timing of a possible mediation.

17. **Any other proposals regarding scheduling or discovery that the parties believe will facilitate expeditious and orderly preparation of trial.**

None at this time, but the Parties will continue to consider this issue as the litigation proceeds.

18. **Whether a conference with the Court is desired.**

Not at this time.

19. **Any other matters relevant to the status and disposition of this case, including any other Orders that should be entered by the Court under R. 16(b) and (c) and 26(c).**

As noted, the Parties will confer on the terms of a proposed protective order, which will be separately submitted to the Court.

Dated:  April 7, 2021                           Respectfully submitted,

By: s/     Mark Alexander                       By: s/ Nicholas Lessin
    Mark Alexander                              Nicholas S. Lessin (*pro hac vice*)
    State Bar No. 01007500                      Gwyn Williams (*pro hac vice*)
    MARK A. ALEXANDER, P.C                      David C. Tolley (*pro hac vice*)
    5080 Spectrum Drive, Suite 850E             LATHAM & WATKINS LLP
    Addison, Texas 75001                        200 Clarendon Street
    Telephone: (972) 544-6968                   Boston, Massachusetts 02116
    Facsimile: (972) 421-1500                   Telephone: 617.948.6000
    mark@markalexanderlaw.com                   Facsimile: 617.948.6001
                                                gwyn.williams@lw.com
    Michael C. Eyerly (*pro hac vice*)          david.tolley@lw.com
    Patrick DeBlase  (*pro hac pending*)        nicholas.lessin@lw.com
    DEBLASE BROWN EYERLY LLP
    680 South Santa Fe Avenue                   Dee J. Kelly, Jr.
    Los Angeles, CA 90021                       State Bar No. 11217250
    Telephone: (310) 575-9955                   Lars L. Berg
    Facsimile: (310) 575-9919                   State Bar No. 00787072
    deblase@dbelegal.com                        KELLY HART & HALLMAN LLP
    eyerly@dbelegal.com                         201 Main Street, Suite 2500
                                                Fort Worth, Texas 76102
    Oren S. Giskan (*pro hac vice*)             Telephone: (817) 332-2500
    GISKAN SOLOTAROFF &                         Facsimile: (817) 878-9280
    ANDERSON LLP                                dee.kelly@kellyhart.com
    90 Broad Street, 10th Floor                 lars.berg@kellyhart.com
    New York, NY 10004
    Telephone: (212) 847-8315
    Facsimile: (646) 964-9610
    ogiskan@gslawny.com

    *Attorneys for Plaintiffs*                  *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served upon all counsel of record via the Court's CM/ECF system on this 7th day of April 2021.

s/ Oren Giskan
Oren Giskan
