**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | |
|---|---|
| Katherine M. Cleary, *et al*., § | |
| § | |
| Plaintiffs, § | |
| § | |
| vs. § | Civil Action No. 4:21-cv-00184-O |
| § | |
| American Airlines, Inc., § | |
| § | |
| Defendant. § | |
| § | |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' ORIGINAL PETITION

Defendant American Airlines, Inc. ("American") responds to the Plaintiffs' Original Petition ("Petition") as follows:

American denies all allegations contained in section headings or other portions of the Petition that are not contained within the specifically numbered or lettered paragraphs of the Petition. All allegations are denied unless specifically admitted, and any factual averment admitted is admitted only as to the specific facts and not as to any conclusions, characterizations, implications, or speculations which are contained in the averment or in the Petition as a whole. These comments and objections are incorporated, to the extent appropriate, into each numbered or lettered paragraph in this Answer.

### I.    PARTIES

1.     American is without sufficient knowledge or information to form a belief as to the truth of the allegations asserted in Paragraph 1 and, therefore, denies such allegations.

2.     American is without sufficient knowledge or information to form a belief as to the truth of the allegations asserted in Paragraph 2 and, therefore, denies such allegations.

3.      American is without sufficient knowledge or information to form a belief as to the truth of the allegations asserted in Paragraph 3 and, therefore, denies such allegations.

4.      American is without sufficient knowledge or information to form a belief as to the truth of the allegations asserted in Paragraph 4 and, therefore, denies such allegations.

5.      American admits to the allegations asserted in Paragraph 5.

## II.      VENUE AND JURISDICTION

6.      The allegations asserted in Paragraph 6 constitute a purported statement of law or legal conclusion requiring no response.

7.      The allegations asserted in Paragraph 7 constitute a purported statement of law or legal conclusion requiring no response.  To the extent a response is required, American denies the allegations asserted in Paragraph 7, except that American admits it is headquartered in the Northern District of Texas.  Except as expressly admitted, American denies any and all allegations in Paragraph 7.

8.      The allegations asserted in Paragraph 8 constitute a purported statement of law or legal conclusion requiring no response.  To the extent a response is required, American denies the allegations asserted in Paragraph 8, except that American admits it is headquartered in the Northern District of Texas.  Except as expressly admitted, American denies any and all allegations in Paragraph 7.

## III.      FACTUAL ALLEGATIONS

9.      American admits to the allegations asserted in Paragraph 9.

10.      American admits that American collected approximately $1.34 billion in baggage fees in 2019, as reported to the Bureau of Transportation.  American admits that passengers who have earned status as members of certain frequent flyer programs, passengers who are confirmed business class passengers or are confirmed first class passengers on 3-cabin aircrafts, as well as

passengers who hold certain AAdvantage credit cards are generally eligible to check one or more bags at no additional cost subject to certain conditions.  Except as expressly admitted, American denies all remaining allegations in Paragraph 10.

11.     American admits that it enters into contracts with passengers that provide air travel for a price and other benefits, such as transporting eligible passengers' checked bags for no additional cost.  Except as expressly admitted, American denies all remaining allegations in Paragraph 11.

12.     American denies all allegations in Paragraph 12.

13.     American admits that on or around February 6, 2017, Plaintiffs William and Katherine Cleary (together, the "Clearys") purchased tickets on American's website for travel from Los Angeles International Airport ("LAX") to Dallas-Fort Worth International Airport ("DFW") and a return flight from DFW to LAX.  American is without sufficient knowledge or information to form a belief as to the truth of the allegations that the Clearys were at home when they purchased their tickets.  American admits that when the Clearys purchased an electronic ticket on American's website, American would have caused the transmission of e-ticket confirmation emails that would have included itinerary and "Baggage Check" information.  To the extent Paragraph 13 purports to reference or describe a document, the document speaks for itself and, as such, no response is required.  American admits that the Clearys paid to check two bags at LAX on March 21, 2017 and paid to check two bags on their return flight at DFW on March 24, 2017.  To the extent the allegations asserted in Paragraph 13 constitute a purported statement of law or legal conclusion, no response is required.  Except as expressly admitted, American denies all remaining allegations in Paragraph 13.

14.     American admits that Ms. Crosson held provisional Gold status which was effective January 12, 2018 to May 25, 2018.  American admits that on May 14, 2018, Plaintiff Judy Crosson purchased a ticket on American's website for travel from DFW to Myrtle Beach International Airport ("MYR") and a return flight from MYR to DFW.   American is without sufficient knowledge or information to form a belief as to the truth of the allegations that Ms. Crosson was at home when she purchased her ticket.  American admits that when Ms. Crosson purchased an electronic ticket on American's website, American would have caused the transmission of an e-ticket confirmation email that would have included her itinerary and "Baggage Check" information.   To the extent Paragraph 14 purports to reference or describe a document, the document speaks for itself and, as such, no response is required.  American denies that Ms. Crosson paid to check a bag at DFW on August 26, 2018 in connection with the above ticket purchase.  To the extent the allegations asserted in Paragraph 14 constitute a purported statement of law or legal conclusion, no response is required.  Except as expressly admitted, American denies all remaining allegations in Paragraph 14.

15.     American states that the allegations asserted in Paragraph 15 are outside of the relevant class period.  Nevertheless, American admits that Mr. Earll held an AAdvantage credit card (i.e., Citi/AAdvantage Platinum Select card).  American admits that at the time of Mr. Earll's travel, outlined below, the Citi/AAdvantage Platinum Select card allowed passengers to check their first bag for free on domestic American Airlines itineraries subject to certain conditions. American admits that on or around May 13, 2016, Plaintiff Eric Earll purchased a ticket on American's website for travel from Minneapolis–Saint Paul International Airport ("MSP") to Kansas City International Airport ("MCI") and a return flight from MCI to MSP.  American is without sufficient knowledge or information to form a belief as to the truth of the allegation that

4

Mr. Earll was at home when he purchased his ticket.  American admits that Mr. Earll paid to check a bag at MSP on May 20, 2016.  To the extent the allegations asserted in Paragraph 15 constitute a purported statement of law or legal conclusion, no response is required.  Except as expressly admitted, American denies all remaining allegations in Paragraph 15.

16.     American admits that Mr. Ferrigni held an AAdvantage credit card (i.e., Citi/AAdvantage Platinum Select card).  American admits that at the time of Mr. Ferrigni's travel, outlined below, the Citi/AAdvantage Platinum Select card allowed passengers to check their first bag for free on domestic American Airlines itineraries subject to certain conditions.  American admits that Mr. Ferrigni was not traveling on a domestic itinerary.  American admits that on November 12, 2018, Plaintiff Filippo Ferrigni purchased a ticket on American's website for travel from St. Louis Lambert International Airport ("STL") to Robert L. Bradshaw Int'l Airport ("SKB"), located on the island of Saint Kitts, and a return flight from SKB to STL.  American admits that Mr. Ferrigni paid to check a bag at STL on April 2, 2019.  American admits that Mr. Ferrigni paid to check a bag at SKB on April 9, 2019.  American admits that Mr. Ferrigni paid to check a bag at Miami International Airport ("MIA") on April 10, 2019.  To the extent the allegations asserted in Paragraph 16 constitute a purported statement of law or legal conclusion, no response is required.  American is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 16 relating to any solicitations Mr. Ferrigni received regarding AAdvantage credit cards onboard any AA flight and, therefore, denies such allegations. Except as expressly admitted, American denies all remaining allegations in Paragraph 16.

17.     American admits that it enters into contracts with passengers that provide them air travel for a price and other benefits, such as transporting eligible passengers' checked bags with

certain weights and sizes for no additional cost.  Except as expressly admitted, American denies all remaining allegations in Paragraph 17.

18.    American admits that it enters into contracts with its passengers who purchase a ticket for travel on an American flight to provide them air travel and other benefits, if applicable. American admits that passengers can purchase air-travel tickets on American's website; and, that during the ticket purchase process, American's website displays a webpage with a section titled "Your trip summary."  To the extent the allegations asserted in Paragraph 18 constitute a purported statement of law or legal conclusion, no response is required.  Except as expressly admitted, American denies all remaining allegations in Paragraph 18.

19.    American admits that it has "Conditions of Carriage" and "International General Rules."  To the extent Paragraph 19 purports to reference or describe a document, the document speaks for itself and, as such, no response is required.  To the extent the allegations asserted in Paragraph 19 constitute a purported statement of law or legal conclusion, no response is required. Except as expressly admitted, American denies all remaining allegations in Paragraph 19.

20.    American admits that passengers can check their baggage using either check-in kiosks or with an agent at the airport.  American admits that these check-in kiosks and agents use computers to facilitate the checked bag process.  American admits that these computers are able to access American's Passenger Service System ("PSS"), which is a standardized third-party owned and operated system.  American admits that its PSS indicates whether, according to a booking, a passenger traveling on an American operated flight has to pay to check their baggage and the payment amount.  However, the PSS is made up of numerous operational systems that maintain data related to a passenger's booking as well as various complex rules that impact fees for air travel and ancillary products, such as baggage.  These operational systems and rules need

6

to be queried by PSS in order to determine a passenger's proper bag fee charge. To the extent Paragraph 20 purports to reference or describe a document, the document speaks for itself and, as such, no response is required. Except as expressly admitted, American denies all remaining allegations in Paragraph 20.

21. American admits that it generally possesses electronic records that memorialize, for a given itinerary, how many bags were checked and the amount paid to check those bags.

### SUBSECTION A[1]

22. American admits that Ms. Crosson purchased a ticket on May 14, 2018 on American's website for travel from DFW to MYR and a return flight from MYR to DFW. American admits that when Ms. Crosson purchased an electronic ticket on American's website, American would have caused the transmission of an e-ticket confirmation email that would have included her itinerary and "Baggage Check" information. To the extent Paragraph 22 purports to reference or describe a document, the document speaks for itself and, as such, no response is required. To the extent the allegations asserted in Paragraph 22 constitute purported statements of law or legal conclusions, no response is required. Except as expressly admitted, American denies all remaining allegations in Paragraph 22.

### SUBSECTION B

a. American admits that its current Conditions of Carriage are available online at https://www.aa.com/i18n/customerservice/support/conditions-of-carriage.jsp.

---

[1] Plaintiffs use inconsistent paragraph labeling conventions in their Petition, starting first with numbers, then switching to letters, and then reverting back to numbers. To avoid confusion between the Petition and Answer, American has retained Plaintiffs' paragraph labeling conventions and use headings to make repetitive paragraph lettering easier to follow. These headings are consistent with how Plaintiffs have organized their Petition.

b.      American admits that the current Checked Baggage Policy is available online at https://www.aa.com/i18n/travel-info/baggage/checked-baggage-policy.jsp.      To the extent Paragraph b purports to reference or describe a document, the document speaks for itself and, as such, no response is required.  To the extent the allegations asserted in Paragraph b constitute purported statements of law or legal conclusions, no response is required.  Except as expressly admitted, American denies all remaining allegations in Paragraph b.

c.      To the extent Paragraph c purports to reference or describe a document, the document speaks for itself and, as such, no response is required.  To the extent the allegations asserted in Paragraph c constitute purported statements of law or legal conclusions, no response is required.  Except as expressly admitted, American denies all remaining allegations in Paragraph c.

d.      American admits that the current Oversize and Overweight Baggage page is available   online   at   https://www.aa.com/i18n/travel-info/baggage/oversize-and-overweight-baggage.jsp.  To the extent Paragraph d purports to reference or describe a document, the document speaks for itself and, as such, no response is required.  To the extent the allegations asserted in Paragraph d constitute purported statements of law or legal conclusions, no response is required. Except as expressly admitted, American denies all remaining allegations in Paragraph d.

e.      American admits that when a passenger purchases a ticket on American's website, the passenger "chooses destination, dates, and class of service" as part of the ticket purchase process.  American admits that after a passenger "chooses destination, dates, and class of service," American's website displays a webpage that includes a section titled "Your Trip Summary."  To the extent Paragraph e purports to describe a portion of a webpage, the webpage speaks for itself,

and, as such, no response is required.  Except as expressly admitted, American denies all remaining allegations in Paragraph e.

f.      To the extent Paragraph f purports to describe a portion of a webpage, the webpage speaks for itself and, as such, no response is required.  To the extent the allegations asserted in Paragraph f constitute purported statements of law or legal conclusions, no response is required. Except as expressly admitted, American denies all remaining allegations in Paragraph f.

g.      American is without sufficient knowledge or information to form a belief as to the truth of the allegation that the referenced screenshot was captured in the class period. Nevertheless, American admits that during the ticket purchase process, American's website displays a webpage with a section titled "Your trip summary," similar to the screenshot referenced in Paragraph g.  To the extent Paragraph g references a screenshot, the screenshot speaks for itself and, as such, no response is required.  Except as expressly admitted, American denies all remaining allegations in Paragraph g.

h.      American states that the allegations asserted in Paragraph h are outside of the relevant class period.  Nevertheless, American admits that for tickets purchased on American's website from March 29, 2016 through December 1, 2016, the "Your trip summary" section indicated that a customer purchasing a domestic first class ticket was eligible to check up to three bags at no additional charge.  American is without sufficient knowledge or information to form a belief as to the truth of the allegation that the screenshot was captured on October 16, 2016.  To the extent Paragraph h references a screenshot, the screenshot speaks for itself and, as such, no response is required.  To the extent Paragraph h purports to describe a portion of a webpage, the webpage speaks for itself and, as such, no response is required.  To the extent the allegations asserted in Paragraph h constitute purported statements of law or legal conclusions, no response is

required.  Except as expressly admitted, American denies all remaining allegations in Paragraph h.

i.        American states that the allegations asserted in Paragraph i are outside of the relevant class period.  Nevertheless, American admits that between and around January 2016 to March 16, 2016, American's Checked Baggage Policy indicated that a confirmed business class passenger was eligible to check up to three bags at no additional charge.  To the extent Paragraph i purports to describe a portion of a webpage, the webpage speaks for itself and, as such, no response is required.  Except as expressly admitted, American denies all remaining allegations in Paragraph i.

j.        American states that the allegations asserted in Paragraph j are outside of the relevant class period.  Nevertheless, American admits that when a passenger checks-in to their flight on American's website, the passenger has an opportunity to upgrade their class of service. American admits that from March 29, 2016 through December 1, 2016, American's website indicated that if a passenger upgraded their class of service during the check-in process, the passenger was eligible to check up to three bags at no additional charge.  To the extent Paragraph j purports to describe a portion of a website, the website speaks for itself and, as such, no response is required.  To the extent the allegations asserted in Paragraph j constitute purported statements of law or legal conclusions, no response is required.  Except as expressly admitted, American denies all remaining allegations in Paragraph j.

k.        American admits that when a passenger purchases an electronic ticket for travel on American's website, American does not provide the passenger with a paper ticket.  American admits that it causes the transmission of an e-ticket confirmation email to a passenger who purchases a ticket on American's website, which includes "Baggage Information" for the

passenger's reference.  American admits that when a passenger purchases a ticket on American's website, American's internal IT systems preserve a record of that passenger's ticket purchase containing the ticket purchase related details.  To the extent the allegations asserted in Paragraph k constitute purported statements of law or legal conclusions, no response is required.  Except as expressly admitted, American denies all remaining allegations in Paragraph k.

l.      American admits that it causes the transmission of an e-ticket confirmation email to a passenger who purchases a ticket on American's website that generally include "Baggage Information" for the passenger's reference.  To the extent Paragraph l purports to reference or describe a document, the document speaks for itself and, as such, no response is required.  To the extent the allegations asserted in Paragraph l constitute purported statements of law or legal conclusions, no response is required.  Except as expressly admitted, American denies all remaining allegations in Paragraph l.

m.      To the extent Paragraph m purports to reference or describe a document, the document speaks for itself and, as such, no response is required.  To the extent the allegations asserted in Paragraph m constitute purported statements of law or legal conclusions, no response is required.  Except as expressly admitted, American denies all remaining allegations in Paragraph m.

n.      American is without sufficient knowledge or information to form a belief as to the truth of the allegations asserted in Paragraph n and, therefore, denies such allegations.

o.      American admits that it has AAdvantage credit cards in partnership with credit card issuers on its website available to certain eligible passengers and that certain of these credit cards allow eligible passengers to check a certain number of bags that meet weight and size conditions on certain itineraries for no additional cost.  To the extent Paragraph o purports to reference or

describe a document or recording, the document or recording speaks for itself and, as such, no response is required.  To the extent the allegations asserted in Paragraph o constitute purported statements of law or legal conclusions, no response is required.  Except as expressly admitted, American denies all remaining allegations in Paragraph o.

p.      American admits that it has AAdvantage credit cards in partnership with credit card issuers on its website available to certain eligible passengers.  To the extent Paragraph p purports to reference or describe a document or webpage, the document or webpage speaks for itself and, as such, no response is required.  American is without sufficient knowledge or information to form a belief as to the truth of the allegation that the screenshot referenced in Paragraph p was taken on April 15, 2018.   However, American admits that its website displays a webpage titled "AAdvantage Credit Cards," similar to the screenshot referenced in Paragraph p.  American denies that this webpage "indicated no relevant restriction".  To the extent the allegations asserted in Paragraph p constitute purported statements of law or legal conclusions, no response is required. Except as expressly admitted, American denies all remaining allegations in Paragraph p.

q.      To the extent Paragraph q purports to reference or describe a webpage, the document or webpage speaks for itself and, as such, no response is required.  Except as expressly admitted, American denies all remaining allegations in Paragraph q.

r.      To the extent Paragraph r purports to reference or describe statements or recordings, the statements or recordings speak for themselves and, as such, no response is required.  Except as expressly admitted, American denies all remaining allegations in Paragraph r.

s.      To the extent Paragraph s purports to reference or describe statements or documents, the statements or documents speak for themselves and, as such, no response is required.  American denies all remaining allegations in Paragraph s.

t.      To the extent the allegations asserted in Paragraph t constitute purported statements of law or legal conclusions, no response is required.  American denies all remaining allegations in Paragraph t.

u.      American states that the allegations asserted in Paragraph u are outside of the relevant class period.  Nevertheless, American admits Mr. Earll traveled from MSP to MCI on May 20, 2016 and paid to check a bag at MSP.  American admits that Mr. Earll held an AAdvantage credit card (i.e., Citi/AAdvantage Platinum Select card).  American admits that the Citi/AAdvantage Platinum Select card allows passengers to check their first bag for free on domestic American Airlines itineraries subject to certain conditions.  Except as expressly admitted, American denies all remaining allegations in Paragraph u.

v.      American admits that Mr. Ferrigni traveled from STL to SKB on April 2, 2019 and paid to check a bag at STL.  American admits that Mr. Ferrigni held an AAdvantage credit card (i.e., Citi/AAdvantage Platinum Select card).  American admits that the Citi/AAdvantage Platinum Select card allows passengers to check their first bag for free on domestic American Airlines itineraries subject to certain conditions.  American admits that Mr. Ferrigni was not traveling on a domestic itinerary.  Except as expressly admitted, American denies all remaining allegations in Paragraph v.

## SUBSECTION C

a.      American denies all allegations in Paragraph a.

b.      To the extent Paragraph b references or purports to describe other paragraphs in the Petition, American's response is contained in those paragraphs and no response is required here. To the extent Paragraph b purports to reference or describe a document or webpage, the document or webpage speaks for itself and, as such, no response is required.  To the extent the allegations

13

asserted in Paragraph b constitute purported statements of law or legal conclusions, no response is required.  Except as expressly admitted, American denies all remaining allegations in Paragraph b.

       c.     American is without sufficient knowledge or information as to the truth of the allegations asserted in Paragraph c related to Twitter and other public discussion forums and, therefore, denies such allegations.  To the extent Paragraph c purports to reference or describe a document, the document speaks for itself and, as such, no response is required.  To the extent the allegations asserted in Paragraph c constitute purported statements of law or legal conclusions, no response is required.  Except as expressly admitted, American denies all remaining allegations in Paragraph c.

       d.     American is without sufficient knowledge or information to form a belief as to the truth of the allegations asserted in Paragraph d related to Twitter and other public discussion forums and, therefore, denies such allegations.  To the extent Paragraph d purports to reference or describe a document, the document speaks for itself and, as such, no response is required.  To the extent the allegations asserted in Paragraph d constitute purported statements of law or legal conclusions, no response is required.  Except as expressly admitted, American denies all remaining allegations in Paragraph d.

       e.     American admits that it causes the transmission of an e-ticket confirmation email to a passenger who purchases a ticket on American's website, which includes "Baggage Information" for the passenger's reference.  American is without sufficient knowledge or information to form a belief as to the truth of the allegations asserted in Paragraph e related to whether passengers rely on the confirmation of benefits and, therefore, denies such allegations. To the extent the allegations asserted in Paragraph e constitute purported statements of law or legal

conclusions, no response is required.  Except as expressly admitted, American denies all remaining allegations in Paragraph e.

f.      American admits that Ms. Crosson held provisional Gold status which was effective January 12, 2018 to May 25, 2018.  To the extent Paragraph f purports to reference or describe a document, the document speaks for itself and, as such, no response is required.  To the extent the allegations asserted in Paragraph f constitute purported statements of law or legal conclusions, no response is required.  Except as expressly admitted, American denies all remaining allegations in Paragraph f.

g.      American is without sufficient knowledge or information to form a belief as to the truth of the allegations asserted in Paragraph g related to Twitter and other public discussion forums and, therefore, denies such allegations.  To the extent Paragraph g purports to reference or describe a document, the document speaks for itself and, as such, no response is required.  To the extent the allegations asserted in Paragraph g constitute purported statements of law or legal conclusions, no response is required.  Except as expressly admitted, American denies all remaining allegations in Paragraph g.

h.      To the extent Paragraph h purports to reference or describe a document, the document speaks for itself and, as such, no response is required.  American is without sufficient knowledge or information to form a belief as to the truth of the allegations asserted in Paragraph h related to Twitter and flyertalk.com, therefore, denies such allegations.  To the extent the allegations asserted in Paragraph h constitute purported statements of law or legal conclusions, no response is required.  Except as expressly admitted, American denies all remaining allegations in Paragraph h.

i.      American is without sufficient knowledge or information to form a belief as to the truth of the allegations asserted in Paragraph i and, therefore, denies all allegations in Paragraph i.

j.      American is without sufficient knowledge or information to form a belief as to the truth of the allegations asserted in Paragraph j and, therefore, denies all allegations in Paragraph j.

k.      American is without sufficient knowledge or information to form a belief as to the truth of the allegations asserted in Paragraph k and, therefore, denies all allegations in Paragraph k.

l.      American is without sufficient knowledge or information to form a belief as to the truth of the allegations asserted in Paragraph l related to Twitter and, therefore, denies all allegations in Paragraph l.  To the extent Paragraph l purports to reference or describe a document, the document speaks for itself and, as such, no response is required.

m.      American admits that it causes the transmission of an e-ticket confirmation email to a passenger who purchases a ticket on American's website, which includes "Baggage Information" for the passenger's reference.  Except as expressly admitted, American denies all remaining allegations in Paragraph m.

n.      To the extent Paragraph n purports to reference or describe a document, the document speaks for itself and, as such, no response is required.  American admits that the Clearys paid to check two bags at LAX on March 21, 2017 and paid to check two bags at DFW on March 24, 2017.  American denies that Ms. Crosson paid to check a bag at DFW on August 26, 2018.  Except as expressly admitted, American denies all remaining allegations in Paragraph n.

o.      American is without sufficient knowledge or information to form a belief as to the truth of the allegations asserted in Paragraph o related to Twitter and, therefore, denies all

allegations in Paragraph o.  To the extent Paragraph o purports to reference or describe a document, the document speaks for itself and, as such, no response is required.

p.       American admits that it has AAdvantage credit cards in partnership with credit card issuers available to certain eligible customers on its website and that certain of these branded credit cards allow eligible passengers to check a certain number of bags with certain weights and sizes for certain itineraries at no additional cost.  American admits that Mr. Earll held an AAdvantage credit card (i.e., Citi/AAdvantage Platinum Select card).    American admits that the Citi/AAdvantage Platinum Select card allows passengers to check their first bag for free on domestic American Airlines itineraries subject to certain conditions.  American admits that Mr. Earll paid to check a bag at MSP on May 20, 2016.   American is without sufficient knowledge or information to form a belief as to the truth of the allegations asserted in Paragraph p related to Twitter and, therefore, denies such allegations.  To the extent Paragraph p purports to reference or describe a document, the document speaks for itself and, as such, no response is required.  To the extent the allegations asserted in Paragraph p constitute purported statements of law or legal conclusions, no response is required.  American denies all remaining allegations in Paragraph p.

q.       American admits that it has AAdvantage credit cards in partnership with credit card issuers available to certain eligible passengers on its website and that certain of these branded credit cards allow eligible passengers to check a certain number of bags on certain itineraries for no additional cost.  American admits that certain AAdvantage credit cards allow passengers to check their first bag for free on domestic American Airlines itineraries subject to certain conditions.   American admits that Mr. Ferrigni was not traveling on a domestic itinerary.  American admits that Mr. Ferrigni paid to check a bag on an international itinerary in April 2019.  American is without sufficient knowledge or information to form a belief as to the truth of the

allegations asserted in Paragraph q related to Twitter and, therefore, denies such allegations. To the extent Paragraph q purports to reference or describe a document, the document speaks for itself and, as such, no response is required. To the extent the allegations asserted in Paragraph q constitute a purported statement of law or legal conclusion, no response is required. Except as expressly admitted, American denies all remaining allegations in Paragraph q.

### SUBSECTION D

a.      American admits that a class action litigation with the caption *Max Bazerman v. American Airlines, Inc.*, Case No. 1:17-cv-11297-WGY (D. Mass. 2017) was filed against American. To the extent Paragraph a purports to reference or describe a document, the document speaks for itself and, as such, no response is required. Except as expressly admitted, American denies all remaining allegations in Paragraph a.

b.      To the extent Paragraph b purports to reference or describe a document, the document speaks for itself and, as such, no response is required. To the extent the allegations asserted in Paragraph b constitute a purported statement of law or legal conclusion, no response is required. Except as expressly admitted, American denies all remaining allegations in Paragraph b.

c.      To the extent Paragraph c purports to reference or describe a document, the document speaks for itself and, as such, no response is required. To the extent the allegations asserted in Paragraph c constitute a purported statement of law or legal conclusion, no response is required. American admits that individualized notice was not directed to Mr. Cleary in connection with the *Bazerman* litigation. Except as expressly admitted, American denies all remaining allegations in Paragraph c.

d. To the extent Paragraph d purports to reference or describe a document, the document speaks for itself and, as such, no response is required. To the extent the allegations asserted in Paragraph d constitute a purported statement of law or legal conclusion, no response is required. Except as expressly admitted, American denies all remaining allegations in Paragraph d.

e. To the extent Paragraph e purports to reference or describe a document, the document speaks for itself and, as such, no response is required. To the extent the allegations asserted in Paragraph e constitute a purported statement of law or legal conclusion, no response is required. Except as expressly admitted, American denies all remaining allegations in Paragraph e.

f. To the extent Paragraph f purports to reference or describe a document, the document speaks for itself and, as such, no response is required. To the extent the allegations asserted in Paragraph f constitute a purported statement of law or legal conclusion, no response is required. Except as expressly admitted, American denies all remaining allegations in Paragraph f.

## CLASS ALLEGATIONS

23. American restates and incorporates by reference, as if fully set forth herein, its responses to all prior paragraphs of the Petition.

24. American admits that the Plaintiffs seek to represent the class defined in Paragraph 24. Except as expressly admitted, American denies all remaining allegations in Paragraph 24 and specifically denies that class treatment of Plaintiffs' claims is appropriate and that the definition and description of the proposed class are appropriate or otherwise meet the applicable requirements for class certification.

25.     American admits that the Plaintiffs purports to exclude certain persons from the class as defined in Paragraph 25.  Except as expressly admitted, American denies all remaining allegations in Paragraph 25 and specifically denies that class treatment of Plaintiffs' claims is appropriate and that the definition and description of the proposed class are appropriate or otherwise meet the applicable requirements for class certification.

26.     Paragraph 26 asserts a statement of law or legal conclusion requiring no response. To the extent a response is required, American denies the allegations in Paragraph 26 and specifically denies that class treatment of the Plaintiffs' claims is appropriate and that the purported class meets the applicable requirements for class certification.

27.     American admits that its business records memorialize the identities of passengers who have flown on an American operated flight.  To the extent paragraph 27 asserts a statement of law or legal conclusion, no response is required.  Except as expressly admitted, American denies the allegations in Paragraph 27 and specifically denies that class treatment of the Plaintiffs' claims is appropriate.

28.     Paragraph 28 asserts a statement of law or legal conclusion requiring no response. To the extent a response is required, American denies the allegations in Paragraph 28 and specifically denies that class treatment of the Plaintiffs' claims is appropriate.

29.     Paragraph 29 asserts a statement of law or legal conclusion requiring no response. To the extent a response is required, American denies the allegations in Paragraph 29 and specifically denies that class treatment of the Plaintiffs' claims is appropriate.

30.     Paragraph 30 asserts a statement of law or legal conclusion requiring no response. To the extent a response is required, American denies the allegations in Paragraph 30 and specifically denies that class treatment of the Plaintiffs' claims is appropriate.

31.     Paragraph 31 asserts a statement of law or legal conclusion requiring no response. To the extent a response is required, American denies the allegations in Paragraph 31 and specifically denies that class treatment of the Plaintiffs' claims is appropriate.  American states that it does have defenses that are unique to Plaintiffs.

32.     American is without sufficient knowledge or information to form a belief as to the truth of the allegations asserted in Paragraph 32 regarding the Plaintiffs and their counsel and on that basis, denies such allegations.  American denies all remaining allegations in Paragraph 32 and specifically denies that class treatment of the Plaintiffs' claims is appropriate.

33.     Paragraph 33 asserts a statement of law or legal conclusion requiring no response. To the extent a response is required, American denies the allegations in Paragraph 33 and specifically denies that class treatment of the Plaintiffs' claims is appropriate.

34.     American restates and incorporates by reference, as if fully set forth herein, its responses to all prior paragraphs of the Petition.

35.     Paragraph 35 asserts a statement of law or legal conclusion requiring no response. To the extent a response is required, American denies the allegations in Paragraph 35.

36.     Paragraph 36 asserts a statement of law or legal conclusion requiring no response. To the extent a response is required, American denies the allegations in Paragraph 36.

37.     Paragraph 37 asserts a statement of law or legal conclusion requiring no response. To the extent a response is required, American denies the allegations in Paragraph 37.

**PRAYER FOR RELIEF**

American admits that the Plaintiffs purport to seek the relief set forth in Plaintiffs' Prayer for Relief.  American denies that the Plaintiffs are entitled to any relief whatsoever, including but not limited to the relief requested in the Petition.  American further denies that class certification

is appropriate and that any claims in this action are appropriate for class treatment.  Except as expressly admitted, American denies all remaining allegations in the Plaintiffs' Request For Relief.

## DEMAND FOR A JURY TRIAL

American admits that Plaintiffs purport to demand a trial by jury.  Defendant hereby demands a trial by jury on all issues so triable.

## AFFIRMATIVE DEFENSES

In further answer to the Petition, and without assuming the burden of proof where it otherwise rests with Plaintiffs, American states that the Plaintiffs' claims are barred, in whole or in part, by the following defenses.  American has not knowingly or intentionally waived any applicable affirmative or other defenses and, therefore, reserves the right to raise additional defenses as appropriate.

### FIRST DEFENSE

The Petition and each of the purported causes of action set forth therein fail to state facts sufficient to constitute a cause of action and fail to state a claim upon which relief can be granted.

### SECOND DEFENSE

The Petition and each of the purported causes of action alleged therein may be barred, in whole or in part, to the extent the Plaintiffs and/or members of the proposed class did not form a contract with American.

### THIRD DEFENSE

The Plaintiffs' and putative class members' claims are barred, in whole or in part, by the Supremacy Clause of the United States Constitution, art. VI, § 2, because those claims are preempted and/or precluded by federal law, including, but not limited to, the (a) Airline Deregulation Act, (b) Warsaw Convention, (c) Hague Convention, and (d) Montreal Convention.

### FOURTH DEFENSE

22

Class treatment under Federal Rule of Civil Procedure 23 is inappropriate for this action because, *inter alia*, Plaintiffs are not adequate representatives, Plaintiffs' claims are not typical or common of claims of proposed class members, the claims of the Plaintiffs and members of the proposed class are subject to unique facts and defenses (such as individual purchasing decisions), common questions of law and fact do not predominate over any common issues, class treatment is not superior to other available methods of determining the controversy, and a class action would be unmanageable. Moreover, certification of the proposed class would result in the denial of due process to American, as well as to the proposed class.

### FIFTH DEFENSE

Class treatment under Federal Rule of Civil Procedure 23 is inappropriate for this action because, *inter alia*, Plaintiffs and/or each member of the proposed class waived their rights to file or participate in a class action litigation.

### SIXTH DEFENSE

To the extent the Court finds one or more terms in the applicable contracts to be susceptible to more than one alternative reasonable interpretation, the claims in the Petition are not amenable to class treatment because, *inter alia*, individualized factual inquiries will be required to determine the subjective beliefs of Plaintiffs and/or each member of the proposed class as to a particular term's meaning in order to determine the parties' rights and duties under their respective agreements.

### SEVENTH DEFENSE

The Petition and each purported cause of action alleged therein may be barred, in whole or in part, to the extent the Plaintiffs and/or members of the proposed class have released such claims.

### EIGHTH DEFENSE

The Petition and each purported cause of action alleged therein may be barred, in whole or in part, if Plaintiffs and/or members of the proposed class have resolved the same or similar claims as those alleged in the Plaintiffs' Petition on the ground that they are subject to the defense of accord and satisfaction.

## NINTH DEFENSE

The Petition and each purported cause of action alleged therein may be barred, in whole or in part, by the doctrines of res judicata and/or collateral estoppel.

## TENTH DEFENSE

The Petition and each purported cause of action alleged therein may be barred, in whole or in part, by the statute of limitations.

## ELEVENTH DEFENSE

The claims in the Petition for damages and/or other monetary recovery by Plaintiffs and/or members of the proposed class must be offset and reduced by the value received from the services purchased from American.

## TWELFTH DEFENSE

The Petition and each purported cause of action alleged therein may be barred, in whole or in part, to the extent the Plaintiffs and/or members of the proposed class suffered no injuries or damages.

## THIRTEENTH DEFENSE

The Petition and each Purported cause of action alleged therein may be barred, in whole or in part, because American did not directly or proximately cause or contribute to any damage, loss, or injury allegedly sustained by the Plaintiffs and/or members of the proposed class or that the Plaintiffs and/or members of the proposed class seek to recover in this action.

**FOURTEENTH DEFENSE**

The Petition and each purported cause of action alleged therein may be barred, in whole or in part, because any alleged injuries and damages of the Plaintiffs and/or members of the proposed class were proximately caused, in whole or in part, by their own acts or omissions or those of third parties, and any recovery by the Plaintiff and/or members of the proposed class should be barred or reduced by an amount proportionate to the amount by which their own conduct or that of third parties contributed to their alleged injuries and damages.

**FIFTEENTH DEFENSE**

The Petition and each purported cause of action alleged therein may be barred, in whole or in part, because any damage, loss, or injury allegedly sustained by the Plaintiffs and/or members of the proposed class was directly or proximately caused by independent intervening and superseding causes.

**AMERICAN'S PRAYER FOR RELIEF**

WHEREFORE, American prays as follows:

1.  That Plaintiffs and the members of the proposed class take nothing by their Petition and that the Petition be dismissed with prejudice;

2.  That American be awarded its costs, disbursements and attorneys' fees; and

3.  For such other and further relief as the Court deems just and proper.

Dated:  April 26, 2021                              Respectfully submitted,

                                    By:     s/ Gwyn Williams_____
                                            Gwyn Williams (*pro hac vice*)
                                            David C. Tolley (*pro hac vice*)
                                            Nicholas S. Lessin (*pro hac vice*)
                                            LATHAM & WATKINS LLP
                                            200 Clarendon Street
                                            Boston, Massachusetts 02116
                                            Telephone: (617) 948-6000
                                            Facsimile: (617) 948-6001
                                            gwyn.williams@lw.com
                                            david.tolley@lw.com
                                            nicholas.lessin@lw.com

                                            Dee J. Kelly, Jr.
                                            State Bar No. 11217250
                                            Lars L. Berg
                                            State Bar No. 00787072
                                            KELLY HART & HALLMAN LLP
                                            201 Main Street, Suite 2500
                                            Fort Worth, Texas 76102
                                            Telephone: (817) 332-2500
                                            Facsimile: (817) 878-9280
                                            dee.kelly@kellyhart.com
                                            lars.berg@kellyhart.com

                                            *ATTORNEYS FOR DEFENDANT*
                                            *AMERICAN AIRLINES, INC.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing document was served upon all counsel of record via the Court's CM/ECF system on this 26th day of April 2021.

<u>s/ Gwyn Williams</u>
Gwyn Williams
