# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF TEXAS

### FORT WORTH DIVISION

| | |
|---|---|
| Katherine M. Cleary, *et al*., individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>American Airlines, Inc.,<br><br>    Defendant. | Civil Action No. 4:21-cv-00184-O<br><br>Hon. Reed O'Connor, USDJ<br>Hon. Hal R. Ray, Jr., USMJ |

**PLAINTIFFS' AND CLASSES' UNOPPOSED MOTION FOR**
**FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

# TABLE OF CONTENTS

Page

I.      INTRODUCTION ........................................................................................ 1

II.     BACKGROUND ......................................................................................... 3

        A.      Procedural History ....................................................................... 3

        B.      Class Counsel's Investigation and Discovery ........................................ 5

        C.      Settlement Negotiations ............................................................... 6

        D.      Preliminary Settlement Approval ..................................................... 6

III.    THE SETTLEMENT ................................................................................... 7

        A.      The Settlement Classes .................................................................. 7

        B.      At Least $7.5 Million in Refunds to Settlement Class Members .......................... 8

        C.      Separate Payment of Attorneys' Fees, Expenses, and Service Awards ................ 8

        D.      Payment of Administrative Costs ..................................................... 9

        E.      Opt-Out and Objection Procedures .................................................. 9

        F.      Release ......................................................................................... 10

IV.     NOTICE IS BEING DISSEMINATED TO THE SETTLEMENT CLASS
        PURSUANT TO THE COURT-APPROVED CLASS NOTICE PROGRAM. ............ 10

        A.      Direct Notice to Settlement Class Members ....................................... 10

        B.      Reminder Notices ....................................................................... 11

        C.      Settlement Website, Toll-Free Number, and Press Release ............................ 12

V.      ARGUMENT ......................................................................................... 12

        A.      The Class Action Settlement Approval Process .................................. 12

        B.      The Settlement Is Fair, Reasonable and Adequate and Should Be
                Approved ...................................................................................... 13

                1.      The Settlement is the Product of Extensive, Arms-Length, Non-
                        Collusive Negotiations (*Reed* Factor 1; Fed. R. Civ. P. 23(e)(2)(B)) ...... 14

                2.      The Advanced Stage of the Proceedings and the Very Substantial
                        Amount of Discovery and Litigation In This Case, Further Support
                        Approval (*Reed* Factor 3) ....................................................... 15

                3.      The Settlement Represents a Strong Result for the Settlement
                        Class, Particularly Given the Risks, Complexities, and Likely
                        Duration of Ongoing Litigation (*Reed* Factors 2, 4 and 5; Fed. R.
                        Civ. P. 23(e)(2)(C)) ................................................................ 16

i

## TABLE OF CONTENTS
### (continued)

Page

4.    The Recommendation of Experienced Counsel, and the Positive Reaction from the Settlement Class, Favor Approval (*Reed* Factor 6) ................................................................................................. 19

5.    Plaintiffs and Class Counsel Have Zealously Represented the Class (Fed. R. Civ. P. 23(e)(2)(A)) ................................................................... 21

6.    The Settlement Treats Class Members Equitably (Fed. R. Civ. P. 23(e)(2)(D)) ............................................................................................. 21

C.    The Court Should Reaffirm Certification of the Settlement Classes. ................. 22

D.    The Settlement Class Notice Program Satisfied Rules 23(c) and (e) and Due Process ........................................................................................................ 22

VI.    CONCLUSION ........................................................................................................... 23

# TABLE OF AUTHORITIES

Page(s)

## Cases

*Bazerman v. Am. Airlines, Inc.*,
No. 17-cv-11297-WGY, 2019 U.S. Dist. LEXIS 245494 (D. Mass. Apr. 8, 2019) ......... 2, 7, 25

*Billitteri v. Sec. Am., Inc.*,
No. 09-cv-01568-F, 2011 U.S. Dist. LEXIS 92713, at *44 (N.D. Tex. Aug. 4, 2011) ........... 15

*Carmen v. R.A. Rogers, Inc.*,
No. SA-16-ca-971-FB (HJB), 2018 U.S. Dist. LEXIS 174461 (W.D. Tex. Apr. 25, 2018) .... 13

*Cotton v. Hinton*,
559 F.2d 1326 (5th Cir. 1977) ........................................................................................... 13, 21

*DeHoyos v. Allstate Corp.*,
240 F.R.D. 269 (W.D. Tex. 2007) ............................................................................................ 21

*Dewey v. Volkswagen Aktiengesellschaft*,
558 F. App'x 191 (3d Cir. 2014) ............................................................................................. 18

*Hays v. Eaton Grp. Att'ys, LLC*,
No. 17-cv-88-JWD-RLB, 2019 WL 427331 (M.D. La. Feb. 4, 2019) ..................................... 19

*In re Chesapeake Energy Corp.*,
No. H-21-1215, 2021 U.S. Dist. LEXIS 158564 (S.D. Tex. Aug. 23, 2021) ........................... 14

*In re Deepwater Horizon*,
739 F.3d 790 (5th Cir. 2014) ........................................................................................... 13, 14

*In re Heartland Payment Sys., Inc. Customer Data Breach Litig.*,
851 F. Supp. 2d 1040 (S.D. Tex. 2012) ................................................................................... 20

*In re OCA, Inc. Sec. & Derivative Litig.*,
No. 05-cv-2165, 2009 WL 512081 (E.D. La. Mar. 2, 2009) ................................................... 19

*Klein v. O'Neal*,
705 F. Supp. 2d 632 (N.D. Tex. 2010) .................................................................................... 20

*Levitt v. Southwest Airlines Co.*,
898 F.3d 740 (7th Cir. 2018) ................................................................................................... 18

*Marcus v. J.C. Penney Co.*,
No. 13-cv-736, 2017 U.S. Dist. LEXIS 214427 (E.D. Tex. Dec. 18, 2017) ........................... 22

*Reed v. Gen. Motors Corp.*,
703 F.2d 170 (5th Cir. 1983) ................................................................................................... 14

*Rodriguez v. West Publ'g Corp.*,
563 F.3d 948 (9th Cir. 2009) ................................................................................................... 20

*Schwartz v. TXU Corp.*,
No. 02-cv-2243-K, 2005 U.S. Dist. LEXIS 27077 (N.D. Tex. Nov. 8, 2005) .............. 13, 19, 21

*Spegele v. Usaa Life Ins. Co.*,
No. 17-cv-967-OLG, 2021 U.S. Dist. LEXIS 204744 (W.D. Tex. Aug. 26, 2021) ................ 25

*Welsh v. Navy Fed. Credit Union*,
No. 16-cv-1062-DAE, 2018 U.S. Dist. LEXIS 227456 (W.D. Tex. Aug. 20, 2018) ......... 15, 16

*Wolfe v. Anchor Drilling Fluids USA Inc.*,
No. 15-cv-1344, 2015 U.S. Dist. LEXIS 182835 (S.D. Tex. Dec. 7, 2015) ............................ 25

**TABLE OF AUTHORITIES**
(continued)

Page(s)

**Rules**

Fed. R. Civ. P. 23(e)(2).............................................................................................. 14, 15

Fed. R. Civ. P. 23(e)(2)(C)(iv)........................................................................................ 21

**Treatises**

*Manual for Complex Litigation (Fourth)* (2004) ............................................................ 13, 17, 18

COME NOW Plaintiffs and Class Representatives William Cleary and Filippo Ferrigni ("Plaintiffs") on behalf of themselves and the certified Settlement Classes,[1] represented by Class Counsel, who file this Motion for Final Approval of the Parties' class action *Settlement Agreement and Release* (the "Settlement" or "Settlement Agreement").

## I.    <u>INTRODUCTION</u>

The Court has preliminarily approved the Parties' class action Settlement Agreement and proposed notice program.  ECF No. 252.  Since entry of the Preliminary Approval Order, with the assistance of the Settlement Administrator, notice of the Settlement has been begun to be disseminated to the Settlement Class as directed by the Court and will continue until that process is completed.  By this motion, Plaintiffs respectfully request that the Court conduct a final review of the Settlement, and approve the Settlement as fair, reasonable and adequate.[2]

As the Parties previously reported in seeking preliminary approval, the Settlement is the product of extensive, arms-length negotiations between the Parties and their experienced and well-informed counsel, including with the assistance of a mediator, Clay Cogman of Phillips ADR.  The Settlement is fair, reasonable, and adequate given the strength of the benefits provided, the stage at which the case was settled after extensive discovery and motion practice and the Parties' respective positions and litigation risks.

The Settlement requires defendant American Airlines ("AA" or "American") to pay *at least* $7.5 million to claiming members of the Settlement Classes and to provide 100% refunds to all claiming members of the Settlement Classes, *plus* all settlement administration fees and Court-awarded attorneys' fees and Plaintiff service awards, comprising:

(a) no less than seven million five hundred thousand dollars ($7.5 million) into a

---

[1] Capitalized terms are defined in the Settlement Agreement.  ECF No. 251-1.
[2] The Fairness Hearing to consider this motion is scheduled for May 5, 2023.  ECF No. 252, ¶ 34.

Settlement Account, which will be used to pay 100% Refunds to Settlement Class Members who submit timely and valid claims. Settlement § IV.A-C. Settlement Class Members who submit a Valid Claim are eligible to receive a <u>full refund</u> of their At-Issue Baggage Fees.[3] If the total amount approved for all claims submitted (the "Total Claim Amount") exceeds $7.5 million, American will pay that higher Total Claim Amount into the Settlement Account instead, fully refunding the At-Issue Baggage Fees for all Valid Claimants. *Id.*, § IV.E. The Settlement sets no maximum on the amount that American will pay Valid Claimants; and

(b) $2.85 million in attorneys' fees and expenses to Class Counsel and other Plaintiffs' counsel, subject to Court approval, in addition to the settlement payments to claiming Settlement Class Members. *Id.*, § VI.A.

(c) American will pay all Notice and Settlement Administration Costs, including fees and costs of the Settlement Administrator implementing the Class Notice Program, administering the claims process, mailing and distributing settlement checks, and performing the other administrative tasks described in the Settlement, in addition to the Refunds paid to claiming Settlement Class Members. Settlement § VII.C. The

---

[3] "'At-Issue Baggage Fees' means and includes the following baggage fees paid during the Relevant Timeframe by Settlement Class Members, to the extent such baggage fees have not yet been refunded by American and were not released in *Max Bazerman, et al. v. American Airlines, Inc.*, Case No. 1:17-cv-11297-WGY (D. Mass 2017):

(i)     Where Email Confirmation Settlement Class Members received an email confirmation that in its body (and not merely in documents incorporated by reference) promised them one or more checked bags for no charge or "USD 0.00" and baggage fees were charged by American inconsistent with such email confirmation promise; or

(ii)    Baggage fees improperly charged by American to Credit Card Settlement Class Members, while they held Citi or Barclay's American partner credit cards that entitled them to free checked baggage, on domestic itineraries. For the removal of doubt, this includes passengers on international itineraries who were charged to check a first bag, of standard weight and size, for the entirely domestic portion of such itineraries in addition to the international portions of those itineraries." Settlement § II.C.

Settlement provides for a robust notice program, including direct mail and email notice to Settlement Class Members, which has been begun and is being implemented by the Settlement Administrator under the Parties' supervision. *See Declaration of Jack Sobczak, A.B. Data* ("A.B. Data Decl."), ECF No. 260, at ¶ 8. Email and Postcard reminder notices will be sent throughout the claims period. Settlement, §§ V, VIII.K. American's payment of settlement administration costs will not reduce the amount of Refunds paid to Settlement Class Members.

(d) American has also agreed to pay service awards to the two named Plaintiffs and Class Representatives, subject to Court approval. *Id.*, § VI.A

The deadline for Settlement Class Members to opt-out or object is January 18, 2023. As of December 16, 2022, only 2 persons have requested to be excluded from the Settlement Class and no objections have been submitted. As this motion is being submitted before the deadline to opt-out or object, and prior to the end of the Claims Period, which ends on February 22, 2023, Plaintiffs and Class Counsel will submit an update in advance of the May 5, 2023 Fairness Hearing.

For the foregoing reasons and the others detailed below, the Settlement meets the standards for final settlement approval and should be approved.

## II.   **BACKGROUND**

### A.   **Procedural History**

After transfer to this Court, Plaintiffs re-filed this case on February 24, 2021. ECF No. 1. Plaintiffs alleged that American had incorrectly required certain customers to pay checked baggage fees between 2013 and 2021. *Id.* American answered the complaint on April 26, 2021. ECF No. 25.

Plaintiffs moved for class certification on June 11, 2021. ECF No. 33. American opposed. ECF No. 40. On September 2, 2021, this Court certified two classes: an Email Confirmation Class

consisting of "qualified American ticket holders who received email confirmation promising them free checked baggage," and a Credit Card Class consisting of "qualified American partner credit card holders that were promised free checked baggage." ECF No. 66. This Court appointed Plaintiffs as Class Representatives, and appointed Plaintiffs' Counsel as Class Counsel. *See* ECF No. 66. It subsequently designated two additional firms as Class Counsel to represent the Classes. *See* ECF No. 151.

Following certification, Class Counsel sent class members notice of class certification in the form approved and ordered by the Court. *See* ECF No. 131. Class Counsel retained A.B. Data to serve and administer the Court-approved notice of class certification to over 2.8 million class members. A.B. Data is now serving as the Settlement Administrator to administer the Settlement notice, claims, and refund distribution process.

The Parties conducted extensive discovery. Class Counsel exchanged and reviewed more than 50,000 pages of documents, extensive electronic data discovery and conducted ten (10) depositions. *See Declaration of Oren Giskan* ("Giskan Decl."), ECF No. 254, ¶¶ 8-9. Plaintiffs filed and the Parties litigated three motions to compel, each of which this Court granted in part or in full. ECF Nos. 65, 89, 106.

American moved for partial summary judgment on January 27, 2022, which Plaintiffs opposed. This Court granted partial summary judgment to American on July 22, 2022. ECF No. 190. As a result of that decision, the class periods certified by the Court were substantially curtailed and the Credit Card Class was limited to only those international travelers on wholly domestic flights. On July 29, 2022, American moved for reconsideration of the Court's summary judgment order, which Plaintiffs opposed. ECF Nos. 192, 198.

While American's summary judgment motion was pending, Plaintiffs moved for spoliation

sanctions on May 4, 2022.  ECF No. 178.  In its summary judgment order, this Court granted Plaintiffs' motion for spoliation sanctions in part.  ECF No. 190 at 13-15.

Following the entry of the order partially granting summary judgment, the Parties prepared for trial scheduled for August 29, including filing numerous motions *in limine*, witness and exhibit lists, and other pre-trial motions and documents.  *See, e.g.*, ECF Nos. 200, 206, 212.

The Parties informed the Court that they had reached a settlement in principle on August 17, 2022, only 12 days before trial, subject to further negotiations and preparation of the settlement agreement and related documents.  ECF No. 245.

## B.    Class Counsel's Investigation and Discovery

Prior to filing suit, and continuing through the course of the litigation, Class Counsel conducted an extensive investigation into the factual and legal issues raised in this litigation.  These investigative efforts have included, *inter alia*, thoroughly investigating and analyzing American's customer disclosures and checked baggage policies; speaking with American customers about their experiences; and investigating customer complaints and other pertinent public information.  Class Counsel also extensively researched and analyzed the legal issues regarding the claims pled and American's defenses and potential defenses.  Giskan Decl., ¶ 7.

The Parties also engaged in extensive discovery, making them very well-informed about the relative strengths and weaknesses of their respective positions, and providing them with information needed to negotiate the proposed Settlement.  Class Counsel reviewed more than 50,000 pages of internal documents and extensive electronic data produced by American and third-party Appriss Insights, American's email vendor; deposed pertinent American employees, and multiple Rule 30(b)(6) corporate designees; defended the depositions of Plaintiffs Cleary and Ferrigni; propounded and analyzed responses to substantial written discovery; and prepared responses to written discovery served by American on Plaintiffs.  Giskan Decl., ¶¶ 8-9.

Specifically, Plaintiffs served on American five sets of document requests, and three sets of interrogatories. Giskan Decl., ¶ 9. Plaintiffs also filed and prevailed (at least in part) on three motions to compel discovery, which resulted in further discovery. Giskan Decl., ¶ 11; *see* Dkt. Nos. 65, 89, 106.

This Court's rulings on class certification, American's motion for summary judgment, and Plaintiffs' motion for spoliation sanctions, as well as trial preparations and motions *in limine* and other pre-trial motions, the preparation and exchange of trial exhibit and witness lists, and other documents fully informed the Parties and counsel engaged in arms-length settlement negotiations. Giskan Decl., ¶¶ 17-18.

### C.    Settlement Negotiations

The Settlement is the product of hard-fought, intensive, arms-length negotiations between the Parties. Early in the litigation, the Parties participated in settlement mediation with Clay Cogman of Phillips ADS. That mediation did not result in an agreement and substantial litigation followed. The Parties and their counsel again participated in a full-day, primarily in-person mediation with Clay Cogman on August 8, 2022. The Parties were not able to reach a settlement during that mediation but agreed to continue negotiations. The Parties continued their settlement discussions and reached an agreement in principle on August 17, 2022. After reaching an agreement in principle, the Parties worked diligently through October 14, 2022 to draft the Settlement Agreement, notices, and other settlement exhibits. Giskan Decl., ¶¶ 18-23.

### D.    Preliminary Settlement Approval

On October 20, 2022, the Court granted preliminary approval of the Settlement, re-certified the Settlement Classes, directed that notice to the Settlement Classes be disseminated pursuant to the Parties' agreed Class Notice Program, set deadlines for claims, opt-outs and objections, and scheduled a May 5, 2023 final approval hearing. ECF No. 252.

III.    **THE SETTLEMENT**

The full Settlement terms are set forth in the Settlement Agreement, which was attached as Exhibit 1 to the previously filed Declaration of Oren Giskan in support of the motion for preliminary approval.  ECF No. 251-1.  The following is a summary of the Settlement terms.

A.    **The Settlement Classes**

The Settlement Classes are those classes certified by this Court's class certification order, as refined and limited by this Court's summary judgment decision.  The Settlement Classes, are defined as follows:

The "Email Confirmation Settlement Class" means and includes:  American ticket holders who both: (a) received email confirmation that in its body (and not merely in documents incorporated by reference) promised them one or more checked baggage at no charge or for "USD0.00" and were thereafter required to pay to check one or more such bags on or after February 24, 2017 for tickets purchased on or before April 8, 2020; and (b) either were sent Mail Notice or Email Notice of the Settlement or otherwise submit a Valid Claim related to At-Issue Baggage Fees covered by subpart (a) of this definition.

The "Credit Card Settlement Class" means and includes:  American-branded Citibank or Barclay's partner credit card holders entitling them to free checked baggage who were required to pay to check one or more such bags on domestic itineraries on or after February 24, 2017 for tickets purchased on or before April 8, 2020 (for the removal of doubt, this includes passengers on layovers on international itineraries who were charged a second time to check bags for domestic portions of those itineraries); and (b) either were sent Mail Notice or Email Notice of the Settlement or otherwise submit a Valid Claim related to At-Issue Baggage Fees covered by subpart (a) of this definition.

Excluded from the Settlement Classes are persons whose only claims arise from baggage

fees released in *Bazerman v. American Airlines, Inc.*, No. 1:17-cv-11297-WGY (D. Mass.), along with the Parties' counsel and Court personnel.  Settlement, §§ II.C, III.B.

**B.    At Least $7.5 Million in Refunds to Settlement Class Members**

Under the Settlement, American will pay no less than $7.5 million into a Settlement Account, which will be used to pay all Refunds to Settlement Class Members who submit claims not disputed by the parties.  Settlement Class Members who submit a Valid Claim will receive a full refund of their At-Issue Baggage Fees.  Settlement §§ IV.A-C.

If the total amount of Valid Claims (the "Total Claim Amount") exceeds $7.5 million, American will pay that higher Total Claim Amount into the Settlement Account instead, fully refunding the At-Issue Baggage Fees for all Valid Claimants.  Settlement § IV.E.  The Settlement sets no maximum on the amount that American will pay Valid Claimants.  *Id.* § IV.E.

If the Total Claim Amount is less than $7.5 million, American will pay $7.5 million into the Settlement Account.  *Id.* § IV.F.  In that case, each Valid Claimant's total Refund will equal their respective At-Issue Baggage Fees plus a *pro rata* allocation of the difference between $7.5 million and the Total Claim Amount.  *Id.*

If, six months after disbursement of all Refunds, any funds remain in the Settlement Account—*e.g.*, if some Settlement Class Members did not deposit or cash their checks—then:  if American paid more than $7.5 million into the Settlement Account, the remaining funds up to the amount American paid on top of $7.5 million will be returned to American; otherwise, the remaining funds will be distributed to Valid Claimants for whom Refund payments were effectuated if there are sufficient remaining funds to warrant such a distribution, or if not will be distributed *cy pres* to recipients agreed on by the Parties.  *Id.* § V.C.

**C.    Separate Payment of Attorneys' Fees, Expenses, and Service Awards.**

American will also pay Class Counsel attorneys' fees and expenses in a total amount of

$2.85 million, subject to Court approval. Class Counsel's motion for the payment of attorneys' fees and reimbursement of expenses is being contemporaneously filed with this motion for final settlement approval. Class Counsel's fee application also requests service awards of $10,000 for each of the two named Plaintiffs to compensate them for their efforts and commitment on behalf of the Settlement Classes. Any attorneys' fees, expenses, and service awards awarded by the Court will be paid by American in addition to (*i.e.*, on top of) the Refunds that will be distributed to Settlement Class Members, and thus will not reduce the amount of Refunds to Settlement Class Members. Settlement § VI.A.

### D.    **Payment of Administrative Costs**

All Notice and Settlement Administration Costs, including fees and costs of the Settlement Administrator implementing the Settlement Class Notice Program, administering the claims process, mailing checks, and performing the other administrative tasks described in the Settlement, will be paid by American, in addition to Refunds paid to claiming Settlement Class Members. Settlement § VII.C. American's payment of Settlement Administration Costs will not reduce the amount of Refunds paid to Settlement Class members. *Id.* § VII.D. A.B. Data Ltd. is serving as the Settlement Administrator. *Id.* § VII.A; *see also* ECF No. 252.

### E.    **Opt-Out and Objection Procedures**

Any Settlement Class Member may request to be excluded from the Settlement Class by complying with the procedure set forth in the Preliminary Approval Order. ECF No. 252, ¶ 27. The Opt-Out deadline is January 18, 2023 (90 days after the Preliminary Approval Date). *Id.* at ¶ 46.[4] Any Settlement Class Member who does not submit a timely and valid exclusion request

---

[4] In advance of the final approval hearing, Class Counsel will provide the Court with a proposed order and judgment that will include a list of all Settlement Class Members who requested exclusion and therefore are not bound by the Settlement or the release contained therein.

may object to the Settlement, Class Counsel's application for attorneys' fees and expenses, and/or the request for service awards.  To be considered, objections must comply with the procedure set forth in the Preliminary Approval Order, ECF No. 252, ¶ 30, and be submitted before January 18, 2023.  *Id.* at ¶ 46.

### F.    Release

In exchange for the consideration provided under the Settlement and subject to the Court's final approval of the Settlement, Settlement Class Members who are sent Notice and do not request exclusion will release American and its affiliates from claims eligible for Refunds as part of the Settlement, whether or not claims are submitted.  Settlement § XII.

## IV.    NOTICE IS BEING DISSEMINATED TO THE SETTLEMENT CLASS PURSUANT TO THE APPROVED SETTLEMENT CLASS NOTICE PROGRAM

The Settlement Class Notice Program approved by the Court in the Preliminary Approval Order (ECF No. 252) has been, and is being, implemented by the Parties and the Settlement Administrator.  Such Settlement Class Notice Program includes:  direct mail and email notice to the Settlement Class Members; multiple reminder emails; a reminder mail notice; publication notice in the form of a widely distributed press release; the establishment of a dedicated settlement website (www.bagfeesettlement.com) where Settlement Class Members can obtain additional information and submit claims online; and an informational Toll-Free Number.  *See generally* A.B. Data Decl., ECF No. 260; Settlement, § V.

### A.    Direct Notice to Settlement Class Members

As agreed by the Parties and ordered by the Court, American used its records to compile and provide to the Settlement Administrator a "Settlement Class List" that included the last known mailing address and email address for the Settlement Class Members.  By November 24, 2023 (the "Notice Date" set by the Court, *see* ECF No. 252, ¶ 46), the Settlement Administrator sent the

Email Notice to all persons on the Settlement Class Notice List for whom an email address was provided by American or located by the Settlement Administrator. Settlement, § VIII.G. A.B. Data Decl., ¶¶ 9-10. The Email Notices contain a hyperlink to complete the Claim Form on the Settlement Website and inform Settlement Class Members that a Spanish version is available on the Settlement Website. A.B. Data Decl., ¶ 10; Settlement, § VIII.E. Thus far, A.B. Data has sent 605,740 Email Notices to Settlement Class Members. A.B. Data Decl., ¶ 11.

On December 9, 2022, the Settlement Administrator mailed the Court-approved Mail Notice, including a Claim Form with prepaid postage, to all persons on the Settlement Class Notice List who had yet to submit a Claim Form and for whom a mailing address was provided by American or located by the Settlement Administrator, with appropriate steps being taken to re-mail Class Notices returned undeliverable. A.B. Data Decl., ¶ 13; Settlement, § VIII.H. Thus far, A.B. Data has sent 588,654 Mail Notices to Settlement Class Members. A.B. Data Decl., ¶ 13.

**B.    Reminder Notices**

On December 19, 2023, the Settlement Administrator emailed the Reminder Email Notice to all Settlement Class Members who were sent the Email Notice and who had not yet submitted a Claim Form. A.B. Data Decl., ¶ 14. On January 27, 2023, the Settlement Administrator will email a second Reminder Email Notice to all individuals who were sent the Email Notice and who have yet to submit a Claim Form as of that time. A.B. Data Decl., ¶ 14; Settlement, § VIII.J. Like the original Email Notice, the reminder Email Notices contain a hyperlink to the Claim Form on the Settlement Website. *Id.*

Also on January 27, 2023, the Settlement Administrator will mail the Reminder Postcard Notice to all individuals who were sent the Mail Notice and who have yet to submit a Claim Form as of that time. A.B. Data Decl., ¶ 16; Settlement, § VIII.K.

### C.    Settlement Website, Toll-Free Number, and Press Release

As agreed and directed by the Court, the Settlement Administrator established a Settlement Website, www.bagfeesettlement.com, where Settlement Class Members can obtain further information about the case and the Settlement and view key case documents, including the Settlement Agreement and provides the Long Form Notice in English and Spanish. There is also a mechanism for Settlement Class Members to submit online Claim Forms electronically via the Settlement Website. Settlement, § VIII.F; https://bagfeesettlement.com/Home/ClaimForm.

The Settlement Administrator has established a toll-free telephone number that Settlement Class Members can call to receive additional information about the Settlement in English or Spanish. A.B. Data Decl., ¶¶ 17-18; Settlement, § V.5.

On November 29, 2022, the Settlement Administrator issued a Press Release announcing and describing the Settlement, in the form approved by the Court, that explains how to obtain information about the Settlement and file claims. A.B. Data Decl., ¶ 12; Settlement, § VII.M.

## V.    ARGUMENT

### A.    The Class Action Settlement Approval Process

Pursuant to Rule 23(e), a class action settlement must be approved by the court before it can become effective. The process for court approval is comprised of three principal steps:

(1)    Preliminary approval of the proposed settlement and direction to disseminate notice to the class, after submission to the court of a written motion for preliminary approval;

(2)    Dissemination of notice to the settlement classes; and

(3)    A final approval hearing, at which evidence and argument concerning the fairness, adequacy, and reasonableness of the settlement are presented. *See Carmen v. R.A. Rogers, Inc.,* No. SA-16-ca-971-FB (HJB), 2018 U.S. Dist. LEXIS 174461, at *15 (W.D. Tex. Apr. 25, 2018) (quoting *Manual for Complex Litigation (Fourth)* § 21.632 (2004)).

In granting preliminary approval of the Settlement and directing that notice be disseminated to the Settlement Class, the Court took the first step in the process, and the Settlement Administrator has taken the second step by implementing the class notice program directed by the Court. Plaintiffs now respectfully request that the Court take the third and final step by granting final approval of the proposed Settlement.

B.     **The Settlement Is Fair, Reasonable and Adequate and Should Be Approved.**

The law favors the compromise and settlement of class action suits. *See In re Deepwater Horizon*, 739 F.3d 790, 807 (5th Cir. 2014) (recognizing an "overriding public interest in favor of settlement that we have recognized [p]articularly in class action suits"); *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977) ("Particularly in class action suits, there is an overriding public interest in favor of settlement."); *Schwartz v. TXU Corp.*, No. 02-cv-2243-K, 2005 U.S. Dist. LEXIS 27077, at *58 (N.D. Tex. Nov. 8, 2005) (recognizing the "public interest in favor of settlement of class action lawsuits") (quoting *Cotton*). The touchstone for the class settlement approval analysis is whether the proposed settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2).

Prior to the amendment of Rule 23(e) in 2018, the Fifth Circuit adopted six factors—the "*Reed* factors"—for courts to use in determining whether a settlement is fair, reasonable, and adequate: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of the class counsel, class representatives, and absent class members. *Reed v. Gen. Motors Corp.*, 703 F.2d 170, 172 (5th Cir. 1983); *Deepwater Horizon*, 739 F.3d at 820.

Similar to the *Reed* factors, revised Rule 23(e)(2) establishes factors for the Court's consideration which overlap considerably with the *Reed* factors. *See* Fed. R. Civ. P. 23(e)(2)

(court must consider whether: (a) the class representatives and class counsel have adequately represented the class; (b) the proposal was negotiated at arm's length; (c) the relief provided for the class is adequate, taking into account the costs, risks, and delay of trial and appeal, the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims, the terms of any proposed award of attorney's fees, including timing of payment, and any agreement required to be identified under Rule 23(e)(3); and (d) the proposal treats class members equitably relative to each other).  *See In re Chesapeake Energy Corp.*, No. H-21-cv-1215, 2021 U.S. Dist. LEXIS 158564, at *15 (S.D. Tex. Aug. 23, 2021) ("The Advisory Committee notes to the 2018 amendments indicate that the changes to the rule are meant to 'focus the court and the lawyers on the core concerns of procedure and substance that should guide the decision whether to approve the proposal,' rather than 'displace any factor' sanctioned by the circuit courts.").

The Settlement here is fair, reasonable and adequate under the circumstances of this case and readily satisfies all applicable standards for final settlement approval.

### 1. The Settlement is the Product of Extensive, Arms-Length, Non-Collusive Negotiations (*Reed* Factor 1; Fed. R. Civ. P. 23(e)(2)(B))

There is a strong presumption of fairness when a proposed class action settlement is reached through arm's-length negotiations between experienced counsel, following "meaningful discovery."  *See Billitteri v. Sec. Am., Inc.*, No. 09-cv-01568-F, 2011 U.S. Dist. LEXIS 92713, at *44 (N.D. Tex. Aug. 4, 2011) (finding no fraud or collusion in settlement reached through counsel's diligent arm's-length negotiations before a neutral mediator); *Welsh v. Navy Fed. Credit Union*, No. 16-cv-1062-DAE, 2018 U.S. Dist. LEXIS 227456, at *33 (W.D. Tex. Aug. 20, 2018) ("Courts may presume that a proposed settlement is fair and reasonable, and lacking fraud or collusion, when it is the result of arms-length negotiations.").

Here, the Settlement is the product of hard-fought, arms-length negotiations between the parties and their experienced and well-informed counsel, including two full-day mediation sessions on September 30, 2021, and August 8, 2022, before an experienced and well-respected mediator. *See* Giskan Decl., ¶¶ 18-19. The Parties did not reach agreement at the initial mediation in September 2021, or at mediation following summary judgment, but agreed to continue negotiating, and ultimately reached an agreement in principle only 12 days before trial. *Id.* at ¶¶ 18-20. Throughout their negotiations, the Parties were represented by counsel experienced in the prosecution, defense, trial, and settlement of complex class actions. *Id.* at ¶ 21. Only after the Parties reached an agreement in principle on the Settlement Classes' settlement relief did the Parties negotiate the provisions of the Settlement concerning attorneys' fees and expenses and Class Representative service awards. *Id.* at ¶ 20.

> **2.    The Advanced Stage of the Proceedings and the Very Substantial Amount of Discovery and Litigation In This Case, Further Support Approval (*Reed* Factor 3)**

"In applying this factor, courts ask whether the parties have obtained sufficient information to evaluate the merits of the competing positions…and whether the parties have obtained sufficient information about the strengths and weaknesses of their respective cases to make a reasoned judgment about" settlement. *Welsh*, 2018 U.S. Dist. LEXIS 227456, *40 (internal quotation marks omitted). Given that the Settlement was reached less than two weeks before the scheduled trial date, *see* Giskan Decl., ¶ 20, the Parties were very well informed and thus well situated to evaluate the strengths and weaknesses of their respective positions and to negotiate the Settlement.

The Settlement is informed by Class Counsel's substantial investigation and discovery regarding the legal and factual issues in the litigation. Before filing the case, Lead Class Counsel conducted an extensive investigation into the factual underpinnings of the claim and the applicable law. *Id.* at ¶¶ 7, 17. Class Counsel engaged in ongoing factual and legal investigation throughout

the course of the litigation, including: reviewing and analyzing more than 50,000 pages of internal documents; deposing American employees, including multiple Rule 30(b)(6) corporate designees; propounding and responding to substantial written discovery; conducting third-party discovery; engaging in extensive meet and confers with American's counsel; and communicating with class members on a sustained basis.  American, too, conducted significant discovery, including propounding numerous document requests, interrogatories, and requests for admission, and deposing the Plaintiffs. *See supra* § II.B.

There was significant motion practice prior to the Settlement, including:  Plaintiffs' motion for class certification; three motions to compel; American's objection to Magistrate Judge Ray's Report and Recommendation compelling discovery; a motion to intervene; American's motion for summary judgment; Plaintiff's motion for spoliation sanctions; American's motion to reconsider the Court's decision on summary judgment; and the parties' motions *in limine*.  Giskan Decl., ¶ 11.  In negotiating the Settlement, the Parties and their counsel were significantly informed by their work in briefing and litigating these motions and by the various Court rulings, in particular this Court's summary judgment ruling (ECF No. 190), which narrowed the remaining issues and clarified the potential damages and risks at trial.

That this Court certified litigation classes further supports final approval of the Settlement. *Cf. Manual for Complex Litigation (Fourth)* § 21.612 (2004) ("[A]pproval of settlement class actions under Rule 23(e) requires closer judicial scrutiny than approval of settlements reached only after class certification has been litigated through the adversary process.").

### 3.    <u>The Settlement Represents a Strong Result for the Settlement Class, Particularly Given the Risks, Complexities, and Likely Duration of Ongoing Litigation (*Reed* Factors 2, 4 and 5; Fed. R. Civ. P. 23(e)(2)(C))</u>

The Settlement provides that *all* Settlement Class Members are eligible to receive a ***full***

*refund* of all their At-Issue Baggage Fees, with *no cap* on the total amount American might pay. Settlement, §§ IV.A, C, E.   Therefore, the Settlement enables 100% of the Settlement Class Members to receive 100% of their alleged overpayments.   Claiming Settlement Class Members may even receive Settlement payments above their overpayments.   *See* Settlement, §V.C.   Further, because the payment of Settlement costs and expenses and Class Counsel's attorneys' fees are being paid by American in addition to the Settlement refund payments, those payments should be considered additional settlement consideration.   *See Levitt v. Southwest Airlines Co.*, 898 F.3d 740, 745 (7th Cir. 2018) ("Fee awards for class counsel are part of a constructive common fund because they are a benefit to the class."); *Dewey v. Volkswagen Aktiengesellschaft*, 558 F. App'x 191, 197 (3d Cir. 2014) (discussing class action attorneys' fees paid separately by defendant); *Manual for Complex Litigation (Fourth)*, § 21.7 (2004).

To receive a full refund, Settlement Class Members must simply submit a straightforward claim form by the claim deadline (February 22, 2023).   Settlement, §§ IV.C, IX.   If the total dollar amount of valid claims submitted by the claim deadline ("Total Claim Amount") is less than $7.5 million then Settlement Class Members will receive their total At-Issue Baggage Fees <u>plus</u> a *pro rata* allocation of the difference between $7,500,000 and the Total Claim Amount.   Settlement, § IV.F.   In no event will Settlement Class Members who submit valid, timely claims be eligible to receive less than 100% of their At-Issue Baggage Fees, and in no event will American pay less than $7.5 million to resolve this litigation.   Settlement, §§ IV.B-C.

The proposed Settlement makes 100% recovery available to the entirety of each Settlement Class.   Courts in the Fifth Circuit regularly approve class settlements making far lower percentages of total potential damages available to class members.   *See, e.g.*, *Hays v. Eaton Grp. Attys, LLC*, No. 17-cv-88-JWD-RLB, 2019 U.S. Dist. LEXIS 17029, at *28 (M.D. La. Feb. 4, 2019) ("[a]

settlement can be satisfying even if it amounts to a hundredth or even a thousandth of a single percent of the potential recovery," and citing cases) (internal quotation omitted); *In re Pool Prods. Distribution Mkt. Antitrust Litig.*, 310 F.R.D. 300, 316-17 (E.D. La. 2015)  (approving $600,000 settlement when the potential recovery was $23,951,893); *In re OCA, Inc. Sec. & Derivative Litig.*, No. 05-cv-2165, 2009 U.S. Dist. LEXIS 19210 (E.D. La. Mar. 2, 2009) (approving $6.5 million settlement when potential recovery was $32 million).

The fairness, reasonableness, and adequacy of the Settlement is even clearer in light of the risks, expense, and delay that would accompany ongoing litigation.  Multiple pending motions, if decided in American's favor, would significantly narrow—or eliminate—the damages available to the Settlement Classes.  American's pending *limine* motions and motion to reconsider the summary judgment and spoliation decision create risks with significant consequences for recovery if Plaintiffs continued litigating.  *See Schwartz*, 2005 U.S. Dist. LEXIS 27077, at *59 (plaintiffs' "uncertain prospects of success through continued litigation" supported approval of settlement).

Even if Plaintiffs prevailed on those motions, to achieve full refunds like those provided by the Settlement, Plaintiffs would need to: convince a jury of American's liability at trial; convince a jury to award damages equivalent to full refunds for each Class Member; and then prevail on a certain appeal.  The expense and delay of these forthcoming litigation stages— particularly the expense of trial and the delay of appeal—would be significant costs to the Classes even aside from the risk that Plaintiffs might lose or receive less than the full refunds made available by the Settlement.  "When the prospect of ongoing litigation threatens to impose high costs of time and money on the parties, the reasonableness of approving a mutually-agreeable settlement is strengthened."  *Klein v. O'Neal*, 705 F. Supp. 2d 632, 651 (N.D. Tex. 2010); *see also In re Heartland Payment Sys., Inc. Customer Data Breach Litig.*, 851 F. Supp. 2d 1040, 1064 (S.D.

Tex. 2012) (approving settlement and noting that litigating case to trial would be "time consuming, and '[i]nevitable appeals would likely prolong the litigation, and any recovery by class members, for years'") (quoting *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 966 (9th Cir. 2009)).

Rather than risk trial and appeal, which could lead to Class members getting zero or less-than-full compensation at an uncertain time later, the Settlement gives every Settlement Class Member a guaranteed opportunity *now* to get *100% compensation*. This Settlement relief is fair, reasonable, and adequate.[5]

Further, the money for the Settlement Classes will not be reduced to pay Court-awarded attorneys' fees and expenses for Class Counsel, service awards for Class Representatives, or Notice and Settlement Administration Costs; rather, such amounts will be paid by American separate from (*i.e.*, on top of) the amount that will be paid to the Settlement Class.

### 4. The Recommendation of Experienced Counsel, and the Positive Reaction from the Settlement Class, Favor Approval (*Reed* Factor 6)

"[W]here the parties have conducted an extensive investigation, engaged in significant fact-finding and Lead Counsel is experienced in class-action litigation, courts typically defer to the judgment of experienced trial counsel who has evaluated the strength of his case." *Schwartz*, 2005 U.S. Dist. LEXIS 27077, at *72 (citation and internal quotations omitted); *Cotton v. Hinton*, 559 F.2d 1326, 1330 (5th Cir. 1977) (in "evaluating the terms of the compromise in relation to the likely benefits of a successful trial…the trial court is entitled to rely upon the judgment of experienced counsel for the parties"); *DeHoyos v. Allstate Corp.*, 240 F.R.D. 269, 292 (W.D. Tex. 2007) (class counsel's opinion "is entitled to deference, especially in light of class counsel's significant experience in complex civil litigation and their lengthy opportunity to evaluate the

---

[5] There are no agreements between the Parties besides the Settlement to be considered under Fed. R. Civ. P. 23(e)(2)(C)(iv).

merits of the claims").

Plaintiffs and Class Counsel have prosecuted this action on behalf of the Settlement Classes with vigor and dedication for almost two years (and spent substantial time prior to then investigating these claims). Class Counsel in this case have extensive experience litigating and settling class actions and other complex matters, have thoroughly investigated and researched the factual and legal issues involved, conducted substantial discovery, engaged in extensive motions practice, successfully certified two litigation classes, and were prepared to try Plaintiffs' and the Classes' claims less than two weeks after the Parties reached agreement to settle. *See* Giskan Decl., ¶¶ 3-5, 7-11, 15; *Declaration of Joseph Tusa* ("Tusa Decl."), ECF No. 255, at ¶¶ 4-12; *Declaration of Roger N. Heller* ("Heller Decl."), ECF No. 258, at ¶¶ 2-5, 9-18.

Plaintiffs and Class Counsel believe the Settlement is fair, reasonable, and adequate. Class Counsel here have extensive experience litigating, trying, and settling consumer class actions and other complex matters. Giskan Decl., ¶¶ 3-5. Based on their experience and knowledge about this case, Class Counsel have weighed the benefits of the Settlement against the inherent risks, complexities, and expense of continued litigation, and they believe that the proposed Settlement is fair, reasonable, and adequate. Giskan Decl., ¶ 24; Tusa Decl., ¶ 21; Heller Decl., ¶ 27. The fact that qualified and well-informed counsel endorse the Settlement as being fair, reasonable, and adequate weighs in favor of the Court approving the Settlement. *See Marcus v. J.C. Penney Co.*, No. 13-cv-736, 2017 U.S. Dist. LEXIS 214427, at *10 (E.D. Tex. Dec. 18, 2017), *R&R adopted*, 2018 U.S. Dist. LEXIS 2387 (E.D. Tex. Jan. 4, 2018) ("Significant weight is given to the opinion of class counsel concerning whether the settlement is in the best interest of the class and the court is not to substitute its own judgment for that of counsel.").

American is similarly represented in this case by highly qualified and experienced counsel,

who likewise were well informed about the issues in this case. That qualified and well-informed counsel on both sides endorse the Settlement as being fair, reasonable, and adequate further supports approving the Settlement.

**5.      Plaintiffs and Class Counsel Have Zealously Represented the Class (Fed. R. Civ. P. 23(e)(2)(A))**

Plaintiffs and Class Counsel have prosecuted this action on behalf of the Settlement Classes with vigor and dedication for two years (and spent substantial time prior to then investigating these claims).   As discussed above and in the attached declarations, Class Counsel have thoroughly investigated and researched the factual and legal issues involved, conducted substantial discovery, engaged in extensive motions practice, successfully certified two litigation classes, and were prepared to try Plaintiffs' and the Classes' claims less than two weeks after the Parties reached agreement to settle.

Plaintiffs themselves have personally been actively engaged in this litigation.   They each provided pertinent information about their experiences, searched for and provided documents and information in response to American's written discovery requests, sat for depositions, and regularly communicated with their counsel up to and including evaluating and approving the Settlement.   Dr. Ferrigni also participated personally in the second mediation.   Giskan Decl., ¶ 12.

**6.      The Settlement Treats Class Members Equitably (Fed. R. Civ. P. 23(e)(2)(D))**

The proposed Settlement does not grant preferential treatment to the Plaintiffs or to any segment of the Settlement Class. The Settlement benefits will be distributed equitably.   All Settlement Class Members are eligible to submit claims, and all who submit Valid Claims will be eligible to receive a full refund of their At-Issue Baggage Fees.   Settlement § IV.C.  The specific amount paid for each Valid Claim will be individually calculated to match the At-Issue Baggage Fees allegedly overpaid by that specific claimant.   *Id.*   This allocation is fair, reasonable, and

equitable.  Indeed, this allocation avoids the rough justice often necessitated in class action settlements and instead provides a personalized, full refund to each Settlement Class Member who submits a valid claim.  Moreover, class representative service awards, such as those that will be requested for two named Plaintiffs here, are commonly awarded in class actions, are well-justified under the circumstances, and are appropriate in amount given the Plaintiffs' commitment and significant effort in the litigation.  Any service awards here will be paid separately from the Refunds and will not reduce the amount of Refunds available to Valid Claimants.

**C.**    **The Court Should Reaffirm Certification of the Settlement Classes.**

The Court previously approved the definition of the Settlement Classes in the Preliminary Approval Order that were certified during the litigation.  *See* ECF No. 252, ¶¶ 6-7. The Court should reaffirm certification of the Settlement Classes, in conjunction with final approval of the Settlement, because the standards of Rule 23(a) and Rule 23(b)(3) are satisfied, as explained in the Court's order certifying the litigation classes and reaffirmed in the Court's class certification and Preliminary Approval Orders.  ECF No. 66; ECF No. 252, ¶ 7.

**D.**    **The Settlement Class Notice Program Satisfied Rules 23(c) and (e) and Due Process**

The Settlement Class Notice Program agreed by the Parties and approved by the Court's Preliminary Approval Order was the best notice practicable under the circumstances, complied with each requirement of Rule 23(c) and (e) and constitutional due process.  Those Court-approved notices provided direct notice to Settlement Class members by email and mail, often multiple times until claims were filed or the deadline expired.  The substance of the notices explained the terms of the Settlement in common language, including the nature of the action; the definition of the Settlement Classes certified; the class claims being litigated and settled; that a class member may enter an appearance through an attorney if the member so desires; that the court will exclude from

the class any member who requests exclusion; the time and manner for requesting exclusion; and the binding effect of a class judgment. Direct notice was supplemented by publication notice by press release and a Settlement Website.

Similar class notice programs, including the settlement of the similar claims in the *Bazerman* class action settlement, have been approved as satisfying the federal rules and due process. *See Bazerman v. Am. Airlines, Inc*., No. 17-cv-11297-WGY, 2019 U.S. Dist. LEXIS 245494, at *6-8 (D. Mass. Apr. 8, 2019) (granting final approval); *see also Spegele v. Usaa Life Ins. Co*., No. 17-cv-967-OLG, 2021 U.S. Dist. LEXIS 204744, at *14 (W.D. Tex. Aug. 26, 2021); *Wolfe v. Anchor Drilling Fluids USA Inc*., No. 15-cv-1344, 2015 U.S. Dist. LEXIS 182835, at *5 (S.D. Tex. Dec. 7, 2015).

Further, pursuant to the Class Action Fairness Act and this Court's Preliminary Approval Order, American, assisted by the Settlement Administrator, provided notice of the Settlement to applicable federal and state governmental regulators. *See* A.B. Data Decl., ¶ 20. None of the regulators have objected to the Settlement.

## VI. <u>CONCLUSION</u>

For the foregoing reasons and those contained in the supporting declarations, Plaintiffs and the Settlement Classes respectfully request that the Court grant final approval of the Settlement and enter the proposed Final Approval Order and Judgment.

Dated: December 19, 2022

Respectfully submitted,

**GISKAN SOLOTAROFF
 & ANDERSON LLP**
*/s/ Oren Giskan*
Oren Giskan (*pro hac vice*)
90 Broad Street, 2d Floor
New York, NY 10004
Telephone: (212) 847-8315

ogiskan@gslawny.com

**TUSA P.C.**
Joseph S. Tusa, Esq. (*pro hac vice*)
P.O. Box 566
55000 Main Road, 2nd Fl.
Southold, NY 11971
Telephone: (631) 407-5100
joseph.tusapc@gmail.com

**LIEFF, CABRASER, HEIMANN**
  **& BERNSTEIN, LLP**
Roger Heller (*pro hac vice*)
rheller@lchb.com
275 Battery Street, 29th Fl.
San Francisco, CA  94111-3339
Telephone: (415) 956-1000

- and -

Christopher E. Coleman (*pro hac vice*)
ccoleman@lchb.com
222 2nd Ave. South, Suite 1640
Nashville, TN  37201
Telephone: (615) 313-9000

- and -

Avery S. Halfon (*pro hac vice*)
ahalfon@lchb.com
250 Hudson Street, 8th Floor
New York, NY 10013

***Attorneys for the Certified Classes***

**SBAITI & COMPANY PLLC**
Mazin A. Sbaiti
Texas Bar No. 24058096
Griffin S. Rubin
Texas Bar No. 24121809
2200 Ross Avenue, Suite 4900W
Dallas, TX  75201
Telephone: (214) 432-2899
mas@sbaitilaw.com
    gsr@sbaitilaw.com

**MARK A. ALEXANDER, P.C.**
Mark Alexander
State Bar No. 01007500
5080 Spectrum Drive, Suite 850E
Addison, Texas 75001
Telephone: (972) 544-6968
Facsimile: (972) 421-1500
mark@markalexanderlaw.com

**DEBLASE BROWN EYERLY LLP**
Michael C. Eyerly (*pro hac vice*)
680 South Santa Fe Avenue
Los Angeles, CA 90021
Telephone: (310) 575-9955
Facsimile: (310) 575-9919
deblase@dbelegal.com
eyerly@dbelegal.com

*Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 19, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*/s/ Oren Giskan*

## <u>CERTIFICATE OF CONFERENCE</u>

The undersigned counsel certifies that he conferred in with opposing counsel and that American Airlines does not oppose the relief sought in this Motion.

*/s/ Oren Giskan*
