IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| KATHERINE M. CLEARY et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No.  4:21-cv-00184-O |
| | § | |
| AMERICAN AIRLINES, INC., | § | |
| | § | |
| Defendant. | § | |

## ORDER

Before the Court is American Airlines, Inc.'s Unopposed Motion for Leave to File Document Under Seal (ECF No. 262), filed December 19, 2022. Having considered the motion, the Court finds that it should be **GRANTED**.

Notably, the public has a right to access judicial records. *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 519 (5th Cir. 2022). In recognition of that right, courts "heavily disfavor sealing information placed in the judicial record." *Id.* "To decide whether something should be sealed, the court must undertake a document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure." *Id.* at 521 (cleaned up). The presumption is that records should not be sealed, and any sealing of records "must be 'congruent to the need.'" *Id.* (quoting *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 420 (5th Cir. 2021)). "Litigants and others seeking secrecy have the burden to overcome the strong presumption favoring public access. They 'must explain in particularity the necessity for sealing.'" *Trans Tool, LLC v. All State Gear Inc.*, No. 19-cv-1304, 2022 WL 608945, at *6 (W.D. Tex. Mar. 1, 2022) (citation omitted) (quoting *BP Expl. & Prod., Inc. v. Claimant ID 100246928*, 920 F.3d 209, 211 (5th Cir. 2019)). Indeed, "[t]ransparency in judicial proceedings is a fundamental element

of the rule of law—so fundamental that sealing and unsealing orders are immediately appealable under the collateral-order doctrine." *Carter v. Sw. Airlines Co.*, No. 3:17-CV-02278-X, 2022 WL 283025, at *1 (N.D. Tex. Jan. 31, 2022) (citing *June Med. Servs.*, 22 F.4th 512, 2022 WL 72074, at *4). A court thus has "discretion to summarily deny a request to seal when it is apparent that the submitter has not conducted its own document-by-document, line-by-line review." *Trans Tool,* No. 19-cv-1304, 2022 WL 608945, at *6.

Mindful of these precedents, the Court has carefully reviewed the proposed sealed Declaration of Tucker Green in Support of Settlement Agreement (the "Declaration"). *See* ECF No. 262-1. The Declaration describes the work of Mr. Green and his colleagues as they analyzed American Airlines' back-end computer systems in order to facilitate the terms of the settlement in this case. Airline databases and logistics systems are closely guarded industry secrets, and the details recounted in the Declaration go beyond the disputed issues which have already been made public in this litigation. Given that this sensitive information permeates the Declaration, the Court finds good cause that the entire Declaration ought to be filed under seal.

Therefore, the Motion for Leave to File Document Under Seal (ECF No. 262) is hereby **GRANTED**. Accordingly, the Clerk is **DIRECTED** to file ECF No. 262-1 as the "Declaration of Tucker Green in Support of Settlement Agreement" under seal. The document is to remain under seal until further notice.

**SO ORDERED** this **30th day** of **January, 2023**.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE