IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| KATHERINE M. CLEARY, et al., § <br> individually and on behalf of others § <br> similarly situated, § <br> § <br>    Plaintiffs, § <br> § <br> v. § <br> § <br> AMERICAN AIRLINES, INC., § <br> § <br>    Defendant. § | Civil Action No.  4:21-cv-00184-O |

**FINAL ORDER AND JUDGMENT**

     This matter came before the Court for hearing on May 5, 2023, pursuant to the Court's Preliminary Approval Order dated October 20, 2022 (Dkt. 252), and on the motion ("Motion"; Dkt. 261) for final approval of the Settlement Agreement entered into by the Parties dated October 14, 2022 (the "Settlement Agreement"; Dkt. 251-1, as modified pursuant to Dkt. 271), as well as Class Counsel's motion for an award of attorneys' fees, costs, and service awards (Dkt. 253) and the affidavits in support (Dkts. 254-260).  Due and adequate notice having been given to the Settlement Class Members of the proposed Settlement and the pending motions, as directed by the Court's Preliminary Approval Order, and upon consideration of all papers filed and proceedings had herein, and good cause appearing, the Court hereby **ORDERS** as follows:

     1.    Capitalized terms not otherwise defined herein have the meanings set forth in the Settlement Agreement.

     2.    This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d) and has personal jurisdiction over the Parties and all Settlement Class Members that have not requested exclusion.  Venue is proper in this District.

     3.    The "Credit Card Settlement Class" for purposes of this Final Order and Judgment consists of:

          American-branded Citibank or Barclay's partner credit card holders entitling

them to free checked baggage who were required to pay to check one or more such bags on domestic itineraries on or after February 24, 2017 for tickets purchased on or before April 8, 2020 (for the removal of doubt, this includes passengers on layovers on international itineraries who were charged a second time to check bags for domestic portions of those itineraries); and (b) either were sent Mail Notice or Email Notice of the Settlement or otherwise submit a Valid Claim related to At-Issue Baggage Fees covered by subpart (a) of this definition.

4. The "Email Confirmation Settlement Class" for purposes of this Final Order and Judgment consists of:

American ticket holders who both: (a) received email confirmation that in its body (and not merely in documents incorporated by reference) promised them one or more checked bags at no charge or for "USD0.00" and were thereafter required to pay to check one or more such bags on or after February 24, 2017 for tickets purchased on or before April 8, 2020; and (b) either were sent Mail Notice or Email Notice of the Settlement or otherwise submit a Valid Claim related to At-Issue Baggage Fees covered by subpart (a) of this definition.

5. Persons whose only claims arise from baggage fees released in *Bazerman v. American Airlines, Inc.*, Case No. 1:17-cv-11297-WGY (D. Mass. 2017), are excluded from these Settlement Classes, as are the Defendant and other Released Parties, Class Counsel and their employees, and this Court and its staff.

6. The Court finds that the notice provisions set forth under the Class Action Fairness Act, 28 U.S.C. § 1715, were complied with in this matter.

7. The Court finds that the Settlement Class Notice Program for disseminating notice to the Settlement Classes, provided for in the Settlement Agreement and previously approved and directed by the Court, has been implemented by the Settlement Administrator and the Parties. The Court finds that such Notice Program, including the approved forms of notice: (a) constituted the best notice that is practicable under the circumstances in compliance with Fed. R. Civ. P. 23(c) and (e); (b) included direct individual notice to all Settlement Class Members who could be identified through reasonable effort, as well as supplemental notice via a press release and reminder email and mail notices; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Litigation, of their right to object to or exclude themselves from the proposed Settlement, of their right to appear at the Fairness Hearing

and of their right to seek monetary and other relief; (d) constituted reasonable, due, adequate and sufficient notice to all Persons entitled to receive notice; and (e) met all requirements of due process and any other applicable law.

8. The Court hereby finds that all persons who fall within the definitions of the Settlement Classes have been adequately provided with an opportunity to exclude themselves from the Settlement Classes by submitting a request for exclusion in conformance with the terms of the Settlement Agreement and this Court's Preliminary Approval Order. All six persons who submitted requests for exclusion are not bound by this Final Order and Judgment. A list of those six persons who submitted requests for exclusion is attached as Exhibit A to the April 26, 2023 Declaration of Jack Sobczak (the "Exclusion Report") and filed in this case at Dkt. 273-1. All other persons who fall within the definitions of the Settlement Classes are Settlement Class Members and part of the Settlement Classes, and they shall be bound by this Final Order and Judgment and the Settlement Agreement.

9. The Court reaffirms that this Litigation is properly maintained as a class action pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3). The Court reaffirms its findings that the Settlement Classes, as defined above, each meet the requirements for class certification under Fed. R. Civ. P. 23(a) and 23(b)(3), for reasons this Court articulated when certifying the litigation classes. Dkt. 66.

10. The Court reaffirms its appointment of Plaintiffs as class representatives, and of Oren Giskan, Joseph Tusa, and Roger Heller as Class Counsel. Dkts. 66, 151.

11. The Court finds that the Settlement Agreement warrants final approval pursuant to Fed. R. Civ. P. 23(e)(2) because, the Court finds, the Settlement Agreement is fair, reasonable, and adequate and is in the best interest of the Settlement Classes, after weighing the relevant considerations.

    a. First, the Court finds that Plaintiffs and Class Counsel have adequately represented the Settlement Classes and will continue to do so through settlement implementation.

    b. Second, the proposed Settlement Agreement was reached as a result of arms-length negotiations through an experienced mediator, Clay Cogman of Phillips ADR, and comes after significant litigation, and complete discovery.

c.  Third, the Court finds that the relief to be provided for the Settlement Classes is fair, reasonable, and adequate, taking into account, inter alia: (i) the costs, risks, and delay of trial and appeal; (ii) the harm to the Settlement Class Members; (iii) the effectiveness of the proposed method of distributing relief to the Settlement Classes (via mailed checks and electronic payments); and (iv) the terms of the requested award of attorneys' fees and costs.

12. Fourth, the Court finds that the Settlement Agreement treats Settlement Class Members equitably relative to each other, and that the proposed allocation of settlement funds to Settlement Class Members is reasonable and equitable. Under the terms of the Settlement Agreement, all Settlement Class Members were eligible to submit claims for 100% Refunds of their individual At-Issue Baggage Fees via a simple claim form.

13. In granting final approval of the Settlement Agreement, the Court has also considered the factors that courts in this Circuit consider in evaluating proposed class settlements, which overlap considerably with the factors to be considered under Fed. R. Civ. P. 23(e)(2). *See Reed v. Gen. Motors Corp.*, 703 F.2d 170, 172 (5th Cir. 1983). The Court finds that those factors—including the arms-length nature of the negotiations; the complexity, expense, and likely duration of the litigation; the late stage of the litigation and the substantial discovery conducted; the probability of plaintiffs' success on the merits; the range of possible recoveries; the lack of any objections to the Settlement Agreement; and the fact that the Settlement Agreement is recommended by experienced Class Counsel and the Plaintiffs—support granting final approval of the Settlement.

14. The Court finds that the reaction of the Settlement Class Members to the Settlement Agreement supports granting final approval of the Settlement Agreement. Following direct notice to the Settlement Class Members, there were no objections submitted and only six persons requested to be excluded from the Settlement Classes, while approximately 246,000 verified claims for Refunds have been submitted.

15. The Motion is hereby **GRANTED**, and the Settlement Agreement and its terms are hereby found to be and are **APPROVED** as fair, reasonable, and adequate and in the best interest of

the Settlement Classes. The Parties and Settlement Administrator are directed to consummate and implement the Settlement Agreement in accordance with its terms, including distributing settlement payments to the Settlement Class Members and other disbursements as provided by the Settlement Agreement.

16. This Litigation is hereby **DISMISSED with prejudice** and without costs to any Party, other than as specified in the Settlement Agreement and this Final Order and Judgment.

17. In consideration of the benefits provided under the Settlement Agreement, and for other good and valuable consideration set forth in the Settlement Agreement, all Releasing Persons, as defined in the Settlement Agreement. shall, by operation of this Final Order and Judgment, have fully, finally, and forever released, relinquished, acquitted, and discharged all Released Claims against all Released Persons in accordance with Section XII, Paragraph B of the Settlement Agreement, the terms of which section are incorporated herein by reference. The terms of the Settlement Agreement, which are incorporated by reference into this Final Order and Judgment, shall have res judicata and other preclusive effects as to the Released Claims against the Released Persons. The Released Persons may file the Settlement Agreement and/or this Final Order and Judgment in any other litigation to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good-faith settlement, judgment bar or reduction, or any similar defense or counterclaim.

18. All Releasing Persons, as defined in the Settlement Agreement, have covenanted not to sue any Released Party with respect to any Released Claim and shall be permanently barred and enjoined from (1) filing, commencing, prosecuting, intervening in or participating (as class members or otherwise) in any other lawsuit or administrative, regulatory, arbitration or other proceeding in any jurisdiction based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Settlement and/or the Released Claims; and (2) organizing Settlement Class Members who have not excluded themselves from the Settlement into a separate class for purposes of pursuing as a purported class action any lawsuit or arbitration or other proceeding (including by seeking to amend a pending complaint to include class

allegations or seeking class certification in a pending action) based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Settlement and/or the Released Claims, except that Settlement Class Members are not precluded from participating in any investigation or suit initiated by a state or federal agency. This permanent bar and injunction are necessary to protect and effectuate the Settlement Agreement and this Final Order and Judgment, and this Court's authority to effectuate the Settlement, and are ordered in aid of this Court's jurisdiction and to protect its judgments. Notwithstanding the foregoing, nothing in this Final Order and Judgment shall preclude an action to enforce the terms of the Settlement Agreement.

19. Pursuant to the terms of the Settlement Agreement, Plaintiffs, Class Counsel, American, and American's Counsel have, and shall be deemed to have, released each other from any and all claims relating in any way to any Party or counsel's conduct in this Litigation, including but not limited to any claims of abuse of process, malicious prosecution, or any other claims arising out of the institution, prosecution, assertion or resolution of this Litigation, including claims for attorneys' fees, costs of suit, or sanctions of any kind except as otherwise expressly set forth in the Settlement Agreement.

20. The Court hereby approves the Exclusion Report and finds that the list of six Settlement Class Members contained in the Exclusion Report is a complete list of all members of the Settlement Classes who have requested exclusion from the Settlement Classes and, accordingly, shall neither receive a Refund in the Settlement nor be bound by the Final Order and Judgment.

21. The Court authorizes the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of this Settlement Agreement and all exhibits hereto as (1) shall be consistent in all material respects with the Final Order and Judgment; and (2) do not limit the rights of the Parties or Settlement Class Members.

22. This Final Judgment and Order is the final, appealable judgment in the Litigation as to all Released Claims.

23. Without affecting the finality of this Final Order and Judgment in any way, this

Court retains jurisdiction over (a) implementation of the Settlement Agreement and the terms of the Settlement Agreement; (b) Class Counsel's motion for attorneys' fees, costs, and service awards; (c) distribution of the settlement consideration, Class Counsel attorneys' fees and expenses, and any Plaintiff Service Awards; and (d) all other proceedings related to the implementation, interpretation, validity, administration, consummation, and enforcement of the terms of the Settlement Agreement. The time to appeal from this Final Order and Judgment shall commence upon its entry.

24. In the event that the Settlement Agreement Effective Date does not occur, this Final Order and Judgment shall be rendered null and void and shall be vacated, *nunc pro tunc*, except insofar as expressly provided to the contrary in the Settlement Agreement, and without prejudice to the *status quo ante* rights of Plaintiffs, Settlement Class Members, and American.

25. This Final Order and Judgment, the Preliminary Approval Order, the Settlement Agreement, and all negotiations, statements, agreements, and proceedings relating to the Settlement Agreement, and any matters arising in connection with settlement negotiations, proceedings, or agreements shall not constitute, be described as, construed as, offered or received against American or the other Released Persons as evidence or an admission of: (a) the truth of any fact alleged by Plaintiffs in the Litigation; (b) any liability, negligence, fault, or wrongdoing of American or the Released Persons; or (c) that this Litigation or any other action may be properly certified as a class action for litigation, non-settlement purposes.

26. The Court awards Class Counsel attorneys' fees and expenses in the amount of $2,850,000.00, and awards Plaintiffs $10,000 each as service awards, with such attorneys' fees, expenses, and service awards to be paid by American in addition to the amounts paid to the Settlement Classes, pursuant to the terms of the Settlement Agreement.

27. In determining attorneys' fees, the Court has discretion to use either the "percentage-of-the-fund" or the "lodestar-multiplier" approach (or a combination of the two). *See Union Asset Mgmt. Holding A.G. v. Dell, Inc.*, 669 F.3d 632, 644 (5th Cir. 2012). Upon

consideration of the filings and circumstances of this case, the Court finds that the amount of attorneys' fees requested by Class Counsel here is reasonable and appropriate under either approach. In determining the issue of attorneys' fees, the Court has specifically considered this Circuit's "*Johnson* factors," and finds that the attorneys' fees requested here are reasonable and appropriate based on an application of those factors, including *inter alia*: the substantial time and effort required to prosecute this case effectively; Class Counsel assumed substantial risks in litigating this challenging case on a purely contingency basis; the strong monetary result achieved for the Settlement Classes pursuant to the Settlement; the skill required and the experience, reputation, and ability of Class Counsel; the very high quality of the counsel for defendant American in this case. *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974); *Dell*, 669 F.3d at 642 n.25 (reiterating *Johnson* factors). The Court further notes that, following direct notice to the Settlement Classes which identified the amount of attorneys' fees and expenses that would be requested, there were no objections submitted, further supporting that the fee requested is reasonable.

28. With respect to the expenses portion of the requested attorneys' fees and expenses, the Court finds that the expenses incurred by Class Counsel ($67,395.99) are reasonable and were incurred for the benefit of the Settlement Classes. *See Klein v. O'Neal, Inc.*, 705 F. Supp. 2d 632, 682 (N.D. Tex. 2010).

29. The Court finds that the amount requested for service awards—$10,000 for each of the Plaintiffs—is reasonable and appropriate to compensate Plaintiffs for their effort and commitment on behalf of the Settlement Classes, are well justified by the circumstances of this case, and in line with service awards granted in other class action cases in this Circuit.

30.  Pursuant to Fed. R. Civ. P. 54, the Court finds that there is no just reason for delay and expressly directs this Final Order and Judgment be immediately entered by the Clerk of the Court.

**SO ORDERED** on this **5th day** of **May, 2023**.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**